State *v.* Bacon.

---

STATE OF VERMONT *v.* NELSON BACON.

*Criminal Law.    Complaint.    Pleading.    City Ordinance.    Agency.*

A count in a complaint having no reference to another count, and no conclusion against the statute, &c., is bad in form, and the only allegation being that the respondent "did permit a horse, under his care, to go upon the side-walk," &c., without any allegation that he unreasonably or unnecessarily permitted it, or suffered it to remain unreasonably or unnecessarily, the count was held bad for want of substance also.

The 24th section of the city charter, which provides that the city council may make any other by-laws or ordinances which they may deem necessary for the well being of the city, not repugnant to the constitution or laws of this state, *held* to give power to pass an ordinance forbidding persons from obstructing side-walks unnecessarily with horses, &c.  The Burlington city ordinance for such purpose held valid.

The respondent, a coal dealer, sent R., his employee, twenty-one years old, and long used to teaming, to deliver coal to a customer.  R., for convenience of unloading, drove on to the side-walk, without the authority, knowledge or consent of the respondent.  *Held,* that the respondent was not criminally responsible for the act of his agent in so obstructing the walk.

THIS case was a prosecution in the police court, before the recorder of the city of Burlington, against the respondent, as per complaint, August 2d, 1867.  The respondent filed a motion to dismiss, which the court overruled.  The respondent also filed a demurrer, which was likewise overruled.  The respondent then plead not guilty, and the case was heard on an agreed statement of facts.  The court, *pro forma,* rendered a judgment of guilty,—to all which decisions the respondent excepted.

The complaint was as follows :

"STATE OF VERMONT,    To David Read, Esq., recorder of
    CHITTENDEN COUNTY, ss.    the city of Burlington, within and for
the county of Chittenden, comes Leverett B. Englesby, city attorney, within and for said county, in his proper person, and on his oath of office complains, that Nelson Bacon, of Burlington, on the 30th day of July, 1867, at Burlington, in the county of Chittenden aforesaid, did permit a horse, under his care, to go upon the side-walk on the east side of Church street, in said city ; and the city attorney aforesaid, on his oath aforesaid, further complains, that Nelson Bacon aforesaid, on the 30th day of July, 1867, aforesaid, at the city of

State *v.* Bacon.

Burlington aforesaid, did permit a horse, under his care, to unnecessarily occupy, obstruct, or encumber the side-walk on the east side of Church street, in said city of Burlington, so as to interfere with the convenient use of the same by passengers, contrary to the form, force and effect of the ordinance of said city of Burlington, in such case made and provided."

In this cause the following statement of facts was agreed upon, and the case is to be treated as though such facts had been found by the court upon a full hearing:

" The respondent was complained of as per complaint, which is referred to, for a violation of the eighth section of an ordinance of the city of Burlington, entitled, ' an ordinance to prevent injurious practices in the streets, and other public places in the city.' The following is a copy of said section : " Sec. 8. No person shall drive, wheel, or draw any coach, cart, wheelbarrow, or other vehicle of burden, or of pleasure, (except childrens' carriages drawn by hand,) or permit any horse, or other animal under his care, to go upon any side-walk in the city, or otherwise unnecessarily occupy, obstruct, or encumber any such side-walk so as to interfere with the convenient use of the same by passengers.' The respondent, at the time of the alleged offences, was a dealer in coal, and having sold a quantity of coal to a person living on the east side of Church street, in said city, sent a person, (who was in the employ of the respondent,) named Rabidon, with his, (the respondent's,) team, to draw and deliver the same to the vendee of the coal. Rabidon was about twenty-one years of age, and had always been engaged in the care and use of horses; and in the business of teaming. In delivering the coal, Rabidon drove with the team, the same being composed of two horses and a wagon, upon the side-walk on the east side of Church street, in said city, and left the same standing upon said side-walk, until the coal could be taken from the wagon in baskets, and carried on the premises of the vendee of the coal. The team was driven upon the side-walk, for the reason that the distance to carry the coal would be less. The respondent had no knowledge that said Rabidon intended to, or did drive upon the side-walk, as aforesaid, and the same was done without the authority, knowledge, or consent of the respondent.

" A demurrer to said complaint, and a motion to dismiss the same having been filed by the respondent, it is agreed that all questions arising upon the same, (including the right of the city to pass such an ordinance as the one under which this complaint is filed,) may be passed upon, notwithstanding this statement of facts, the same as though such facts had been found by the court upon trial."

*Wales & Taft,* for the respondent.

30

State *v.* Bacon.

*Leverett B. Englesby,* for the state, cited to the point, that the city has power, by its charter, to enact and enforce ordinances and regulations to prevent obstructions in the streets and side-walks of the city, and inflict penalties for breach thereof. 4 Smith N. Y. 516; 15 N. Y. 502; 16 U. S. Dig. p. 159, § 193; 11 Pick. 165; 16 Pick. 504.

In *Episcopal Church* v. *City of New York,* the city had conveyed land for burial purposes, and covenanted for its quiet enjoyment. The city, afterward, passed a by-law prohibiting interments there, and it was held good.

The opinion of the court was delivered by

PECK, J.   The questions in this case are, many of them, the same that were made in *State* v. *Soragan,* just decided at this term, and are disposed of, in this case, in the same way, and for reasons there assigned.   Some other questions, however, are presented in this case. The police court decided the complaint sufficient on demurrer, to which the respondent excepted.   It was then tried on an agreed statement of facts; judgment against the respondent, to which he also excepted.   The case shows, that it is agreed that all the questions presented, both by the demurrer and on the facts, are to be heard and decided.

First, as to the demurrer.   Only the questions not already decided in the other case need be noticed.

The first count is, that Nelson Bacon, of Burlington, on the 30th day of July, 1867, at Burlington, in the county of Chittenden aforesaid, did permit a horse, under his care, to go upon the side-walk on the east side of Church street, in said city.   This count makes no reference to the other count; it must, therefore, stand or fall, by its own strength.   It concludes neither against the statute, nor against any city ordinance, nor against the peace; and is clearly bad for want of a proper conclusion.   The fact that the other count concludes against the form, force and effect of the city ordinance, even if such conclusion were proper, cannot help it.   But aside from matter of form, it is bad in substance, or rather, for want of substance.   If the simple fact, that the respondent " did permit a horse, under his care,

to go upon the side-walk," is a breach of a city ordinance, it would be difficult to maintain the validity of such ordinance. It is not alleged that he *unnecessarily* or *unreasonably* permitted it, or that he suffered or permitted the horse to remain there an unnecessary or unreasonable time. If what is alleged in the first count, is a breach of the ordinance, no one could lead or drive a horse from the street to his own premises, where there is a side-walk along the street. If the ordinance is in such absolute terms as this count imports, it should be qualified by construction in the manner indicated in the second count; and thus it may be held valid. The ordinance is referred to in another part of the case, and by fair construction, it is so qualified.

It is insisted that the city has no power to pass such an ordinance. The charter, section 11, to which we are referred, provides that the city may regulate the erection of buildings, and prevent encumbering the streets, side-walks and public alleys with firewood, lumber, carriages, boxes or other things. It is insisted that the word "*things*" applies only to inanimate objects, and cannot be construed to include live animals. But whatever may be the construction of this section in this respect, the 24th section, which provides that the city council may make any other by-laws or ordinances which they may deem necessary for the well being of the city, not repugnant to the con-stitution or laws of this State, gives this power. This ordinance as set out in the exceptions, and as above construed, is not contrary to any law, and not unreasonable; and therefore cannot be said to be invalid. To the second count, so far as the validity of the ordinance, or the alleged act of the defendant, is concerned, we see no objec-tion. But for reasons assigned in *State* v. *Soragan*, both counts are insufficient.

The next question is whether the respondent, on the facts stated, can be made liable criminally, for the act of Rabidon who was in his employ. It appears that the respondent, a dealer in coal, sent Rab-idon to deliver coal to a customer, and Rabidon for convenience of unloading, to lessen the distance he would have to carry the coal, drove on to the side-walk. The facts entirely exclude the idea of any fault on the part of the respondent, either intentional or other-

wise. He was in no fault in entrusting an improper person to transact the business ; for it appears Rabidon was about 21 years old, and had always been used to teaming. It expressly appears that the respondent had no knowledge that Rabidon intended to, or did, drive upon the side-walk, and that it was done without the authority, knowledge or consent of the respondent. It is evident that the respondent had no reason to suppose that any such act would be done. If he is liable it must be from the legal relation of master and servant ; and this, when the facts exculpate him from all fault and negligence. Under such circumstances there is no rule of law that can make the respondent responsible criminally for the act of his agent. Whatever may be the *prima facie* liability of a principal for the acts of his agent under other circumstances, or in his business about his own premises, it is clear he cannot be liable on the facts stated in this case.

Judgment reversed, and judgment that the complaint is insufficient, the respondent acquitted, both for the insufficiency of the complaint and upon the agreed statement of facts.