# WILLIAM NOECKER

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. CHANGE OF VENUE—*transmitting original indictment.* On a change of venue from the circuit to the county court, the clerk of the circuit court certified to the transcript sent, "that the within and foregoing is a true transcript of the record and proceedings, including the notice, petition, affidavits and order for a change of venue in the case, etc., as the same appears of record," etc. There was an indictment sent, but it was not shown to be the one found by the grand jury: *Held,* that it sufficiently appeared by the certificate of the clerk to be the same one by comparing it with the description of it as contained in the several orders of the circuit court.

2. INTOXICATING LIQUORS—*instructions to clerk not admissible.* Where a defendant keeps intoxicating liquors for sale, he will be responsible for sales thereof by his clerk, no matter what may have been his instructions to him, and therefore such instructions are not admissible in evidence on his part when indicted for selling such liquors.

3. SAME—*sale on prescription of physician.* The 46th clause of sec. 62, ch. 24, Rev. Stat. 1874, authorizes permits by the authorities of cities and villages to druggists for the sale of intoxicating liquors for medicinal, mechanical, sacramental and chemical purposes, and without such a permit, or a license, sales of such liquors by a druggist, even upon the prescriptions of physicians, and the representations of the purchasers that the liquors are wanted for medical purposes only, are without justification, at least without proof that the representations made were true.

WRIT OF ERROR to the County Court of Piatt county; the Hon. WILLIAM McREYNOLDS, Judge, presiding.

On the trial of this cause the evidence showed that the defendant was a practicing physician and a druggist. The sales of liquor made by the defendant and his clerk were all upon the written prescriptions of some other practicing physicians, or upon representations by the purchasers to the defendant of sickness.

The jury found the defendant guilty on the second and fifth counts, upon which the court assessed a fine of twenty dollars, and, overruling motions for a new trial and in arrest of judgment, rendered judgment for the fine and costs.

Messrs. REED & BARRINGER, for the plaintiff in error.

Mr. ALBERT EMERSON, State's Attorney, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment for selling intoxicating liquor in a less quantity than one gallon without a license, found at the September term, 1878, of the circuit court of Piatt county, upon which, on a change of venue to the county court of said county, the defendant was tried, convicted and fined at the November term, 1878, of the court last named.

It is insisted that the county court erred in sustaining a demurrer to a plea to the jurisdiction of that court, on the ground that there was no indictment transmitted to that court, as required by law. The certificate of the clerk of the circuit court following a transcript of the proceedings in the circuit court of the impannelling of the grand jury, the finding of an indictment, purporting as above, against the defendant, and of the notice, petition, affidavits, and order for the change of venue to the county court, is, "that the within and foregoing is a true transcript of the record and proceedings, including the notice, petition, affidavits, and order for change of venue in the case of, etc., as the same appears of record in my office." Then, (in the transcript sent to this court,) following the certificate, is an indictment of the above purport, and a statement of the proceedings in the county court. It is said there was no evidence before the county court that the indictment preferred against the defendant was transmitted to that court as required. It is true the certificate of the circuit clerk does not show that. Counsel for plaintiff in error admit, in argument, that there was an indictment sent to the county court, but insist there is no evidence that the indictment was the one found by the grand jury.

We think it sufficiently appears from description to be the same one, comparing the indictment which appears, with the description of the indictment found in the circuit court, as

contained in the several orders of that court in relation to such indictment.

Some of the sales testified to were made by clerks of the defendant. The court rejected testimony offered by the defendant, as to what instructions he gave his clerks in relation to the sale of intoxicating liquors. This is assigned for error. We think the testimony was properly excluded. The language of the statute is, whoever, by himself, clerk or servant, shall sell, etc., shall be liable. The testimony was uncontradicted that the defendant kept intoxicating liquors for sale, and the defendant would be responsible for the acts of selling by his clerks, no matter what might have been his instructions to them.

It was a ground of defence, that the sales were made on the prescription of a physician; and it is complained that the court refused to give an instruction asked by the defendant, to the effect, that if the sales of the liquor were made upon a prescription of a practicing physician, and at the time of such sales the purchaser represented to the defendant that the liquor was wanted to be used as a medicine in case of actual sickness, and that the defendant made the sales upon such prescription and representation, in good faith, to be used as a medicine only, then the defendant would not be liable, and should not be found guilty in respect of such sales. We do not perceive how the prescription of a physician and the representations of the purchaser can be admitted as a justification for making sale of intoxicating liquors contrary to the statute, at least without proof that the representations made were true.

The words of the statute are unqualified, "whoever, not having a license, etc., shall sell," without any exception or limitation whatever as to any class of persons or cases. By the 46th clause of section 62, ch. 24, p. 220, Rev. Stat. 1874, provision is made for the granting of permits by the authorities of a city or village to druggists for the sale of intoxicating liquors for medicinal, mechanical, sacramental and chemical purposes.

Without such a permit, or a license, the sales made by the defendant stand without justification. We find no error in the refusal of the instruction.

We see no reason for disturbing the verdict upon the evidence.

The judgment is affirmed.

*Judgment affirmed.*