### THE STATE v. BAKER, *Appellant.*

1. **An** indictment for selling liquor without license, *Held,* sufficient.
2. **Criminal Liability of Principal for act of Agent.** A husband is not criminally liable for the act of his wife in selling liquor without license, when the sale is made in his absence and contrary to his express instructions.

*Appeal from Johnson Criminal Court.*—HON. W. H. H. HILL, Judge.

REVERSED.

*Land & Sparks* for appellant.

*J. L. Smith,* Attorney-General, for the State.

#### I.

SHERWOOD, C. J.—The indictment under which the defendant was convicted, was sufficient, since it charged that defendant, on a day named, "unlawfully did sell intoxicating liquors in less quantities than one gallon, to wit: one half pint of whisky, without taking out or having a license as a dramshop keeper or any other legal authority to sell the same, against &c."

*State v. Fanning,* 38 Mo. 359 ; *State v. McBride,* 64 Mo. 364.

## II.

We think the evidence offered to show that the defendant, (who had a merchant's license and was a dealer in drugs and medicines,) forbade his brother and wife, whom he left in charge of his store, to sell liquor in less quantity than one gallon, except for medicinal purposes, was improperly rejected. The maxim of "*qui facit per alium, facit per se*," cited on behalf of the State, is only applicable in criminal cases where the instructions of the principal are *obeyed*, not where they are, as the evidence offered tended to show, palpably *violated*. Had the wife, who made the sale, followed the instructions of her principal, no offense would have been committed. It was her independent act, therefore, which resulted in a violation of the law. For this unwarranted act the husband is in no way responsible. In *Schmidt v. The State*, 14 Mo. 137, the evidence was not preserved, but it was assumed here that there was proof that "the clerk of the defendant, by his directions and under his control and employment, sold the intoxicating liquors mentioned in the indictment." Obviously no such case is now presented. Judgment reversed and cause remanded. All concur.