73   181
110   401
50a  245

THE STATE v. McGRATH, *Appellant.*

1. **Criminal Liability of Principal for acts of Agent.** A principal is not criminally responsible for the acts of his agent done in his absence, without his knowledge and against his directions.

2. **Practice, Criminal.** There was evidence from which the jury might have found the defendant guilty either on the score of acts done by himself or on the score of acts done by his agent. The court erroneously excluded rebutting evidence offered by defendant

as to the latter acts. *Held*, that for this the judgment must be reversed; for the verdict may have been founded entirely on the evidence as to them.

3. **Venue in Criminal Cases.** The evidence in a criminal case must show in what county the offense was committed.

4. **Dramshop License**: WINE AND BEER LICENSE. It seems that the license of a dramshop keeper authorizes all the sales which a wine and beershop keeper is authorized to make by virtue of his license. Wag. Stat., p. 549, §§ 1, 2; p. 554, §§ 28, 29.

*Appeal from Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*R. A. DeBolt* and *H. J. Alley* for appellant.

*J. L. Smith*, Attorney General, for the State.

RAY, J.—The indictment under which the defendant was convicted was found at the July term of the Mercer circuit court for the year 1877, and charges that defendant on the 1st day of March, 1877, at the county of Mercer aforesaid, unlawfully then and there did sell and give away to J. T. McCarty, and divers other persons, unknown to the jurors, intoxicating liquors in certain quantities less than one gallon, to-wit: one pint of whisky for five cents, one pint of brandy for five cents, one pint of wine for five cents, one pint of beer for five cents, one pint of lager beer for five cents, one pint of ale for five cents, one pint of gin for five cents, without taking out a license as a dramshop keeper, without being a dealer in drugs and medicines, and without having any license or legal authority to authorize him so to do. At the September term, 1877, defendant filed his motion to quash said indictment, " for the reason that said indictment sets out and charges in one and the same count two separate and distinct offenses, to-wit: selling whisky, wine and gin, also selling beer and lager beer," which motion was, by the court, overruled and excepted by the defendant. Plea of not guilty was then entered.

At the trial the State, to sustain the issues on its part, introduced Justin McCarty as a witness, who testified that he had, within twelve months next before the finding of the indictment, several times purchased whisky of Marion Loury, the clerk of defendant; that he had sometimes taken two or three into defendant's drug store and purchased liquor of said clerk for them; that he had once or twice purchased liquor of defendant, but he always told the defendant and the clerk at the time he asked for the liquor that it was for medical purposes; that defendant was very little about the store, as he lived in Trenton, Grundy county, Missouri; that defendant refused to let him have liquor unless it was for medical purposes, and that he did not think defendant was present or about the store at any time when he purchased liquor from the clerk. There the State rested.

Whereupon Marion Loury was introduced as a witness on the part of defendant, and testified that he was in the employ of the defendant as clerk; that the principal business of defendant was that of selling drugs; that he never at any time sold liquor in any quantities to witness for State without first asking and being told by witness that it was to be used for medical purposes. The defendant then asked the witness the following question, which was objected to by prosecuting attorney, and not allowed by the court, to-wit: "What, if any, were the instructions given you by the defendant in regard to the sale of liquors?" To the action of the court in sustaining said objection and not allowing said question to be asked or answered, the defendant duly excepted. Whereupon defendant was sworn as a witness on his own behalf, and testified that he did at one time sell to State's witness liquor, but that at the time witness called for it defendant asked and was told that it was to be used for medical purposes; that he did not at any time sell liquor to witness, or any other person, except in good faith, believing it was to be used for medical purposes. The defendant's counsel then asked him the fol-

lowing question, which was objected to by State's attorney and not allowed by the court, to-wit: "What, if any, were your instructions given to your clerk in regard to the sale of liquors?" To which action of the court in sustaining said objection and not permitting said question to be asked or answered, the defendant's counsel duly excepted. The defendant then, without objection, introduced his merchant's or druggist's license covering the whole time for which he is charged with selling.

This was all the testimony in the cause. At the trial the court, at the instance of the State, and against the objection of defendant, gave the jury the following instruction, to-wit: "If the jury believe from the evidence, beyond a reasonable doubt, that defendant, or any of his agents, did, within twelve months next before the July term, 1877, of this court, sell intoxicating liquors, to-wit: whisky in less quantities than one gallon, then they will find him guilty and fix his punishment at a fine not less than $40 nor more than $200." The court also refused the following instruction asked by defendant, to-wit: "If the jury believe from the evidence that said liquor was sold by defendant's clerk, that defendant in good faith instructed said clerk to sell intoxicating liquors for medical purposes only, and that said liquor was sold by him in defendant's absence and in violation of defendant's instructions, the jury will find defendant not guilty." The defendant excepted to the ruling of the court in giving and refusing said instructions as above stated.

From this record it is obvious that this case turns upon the rulings of the court in not permitting the defendant's

1. CRIMINAL LIABILITY OF PRINCIPAL FOR ACTS OF AGENT. counsel to ask or the witnesses to answer the questions above propounded, as to what instructions, if any, the defendant had given said clerk in regard to the sale of intoxicating liquors. In the recent case of the *State v. Baker*, 71 Mo. 475, this precise point is expressly made and decided, and that case is decisive of this. In that case, SHERWOOD, C. J., speaking for the court

uses this language: "We think the evidence offered to show that the defendant, (who had a merchant's license and was a dealer in drugs and medicines,) forbade his brother and wife, whom he left in charge of his store, to sell liquors in less quantities than one gallon, except for medicinal purposes, was improperly rejected." The maxim "*qui facit per alium facit per se*," cited on behalf of the State, is only applicable in criminal cases where the instructions of the principal are obeyed, not where they are, as the evidence offered tended to show, palpably violated. In all such cases the principal is not responsible for the unauthorized acts of his agent done in his absence without his knowledge and against his express directions. In the case above cited the court uses this further language: "In *Schmidt v: The State*, 14 Mo. 137, the evidence was not preserved, but it was assumed there that there was proof that the clerk of the defendant, by his directions and under control and employment, sold the intoxicating liquors mentioned in the indictment." In the case at bar it was obviously the intention and object of the question asked and overruled, to ascertain whether the clerk had, in point of fact, obeyed his instructions or violated his orders. The question, therefore, should have been allowed.

It is insisted, however, by the State, that this verdict should be allowed to stand since there was evidence to 2. PRACTICE, CRIMI- show that the defendant in person, on one or NAL. two occasions, had sold liquor to the witness for the State. In this case that is hardly sufficient, as the jury might very well have believed that the defendant had not violated the law in the sales he made in person, and yet, under the rulings and the instructions of the court, they might have felt themselves bound to find him guilty by reason of the unauthorized acts and sales of his clerk while in his employ, though done contrary to his directions and without his knowledge.

In this case, also, the evidence adduced at the trial, as preserved by the bill of exceptions, fails to show in what

3. VENUE IN CRIMI-
NAL CASES.
county the offense charged in the indictment was committed. *State v. Meyer*, 64 Mo. 190.

It is further insisted by the appellant that " the indictment charges two separate and distinct offenses in the

4. DRAM SHOP LI-
CENSE: wine and
beer license.
same count, each governed by separate stat- utes." This objection, we think, is not well taken. *Storrs v. The State*, 3 Mo. 9; *State v. Arbogast*, 24 Mo. 363. The indictment, on its face, is for selling intoxi- cating liquors in certain quantities less than one gallon without taking out a license as a dramshop keeper, with- out being a dealer in drugs and medicines, and without having any license or legal authority authorizing him so to do. If it is meant to charge that this indictment em- braces offenses (if indeed it contains more than one) that are made separate and distinct offenses by 1 Wagner's Statutes, 549, 554, as claimed in appellant's brief, we think that is a misapprehension of these statutes. It would seem that from the language of these two statutes that the license of dramshop keepers " covers and embraces all the sales which a wine and beershop keeper" is authorized to make by virtue of his license. 1 Wag. Stat., §§ 1, 2, p. 549; §§ 28, 29, p. 554. If the " dramshop keeper's " license, besides other things, authorized him to sell all that " a wine and beerhouse keeper" may sell under his license, it can- not be said that this indictment embraces in one count offenses that are made separate and distinct and governed by separate statutes, as claimed by appellant. But, for the reasons above stated, the judgment is reversed and the cause remanded. All concur.