The State v. Shortell.

93   123
110   404
93   123
56a   533

THE STATE v. SHORTELL, *Appellant.*

1.  Criminal Law : SELLING LIQUOR TO HABITUAL DRUNKARD : CONSTITUTIONALITY OF STATUTE. Section 5462 of the Revised Statutes, prohibiting the sale of intoxicating liquors to an habitual drunkard, by a dram-shop keeper, does not authorize the conviction of such dram-shop keeper for sales made by his agent, in violation of the principal's directions, and without his consent, and is not unconstitutional for such alleged reason.

2.  **Pleading, Criminal:** INFORMATION: AFFIDAVIT OF PRIVATE IN-
DIVIDUAL.  The affidavit of a private individual is not an informa-
tion within the meaning of the constitution, and will not support a
criminal prosecution.

*Appeal from Nodaway Circuit Court.*—HON. H. S.
KELLEY, Judge.

REVERSED.

*Frank Griffin* for appellant filed no brief.

*B. G. Boone,* Attorney General, for the state.

To entitle appellant to a review of the testimony,
the record should show that he made objections and
saved exceptions to its admission or exclusion during the
progress of the trial.  This was not done.  R. S.,
sec. 1921; *State v. Ramsey,* 82 Mo. 133; *State v. Lett,*
85 Mo. 52; *State v. McDonald,* 85 Mo. 539.  The infor-
mation is drawn upon section 5462, Revised Statutes, the
offence having been committed prior to the amendment of
said section in 1883.  Section 5462, Revised Statutes,
does not, as claimed by appellant, make the defendant
liable for the acts of agents or servants, notwithstanding
they have exceeded their authority and the express
direction of defendant.  Hence, the contention that said
section is unconstitutional is without foundation.  The
instructions are not preserved, and it will be presumed,
in their absence, that the court properly declared the
law to the jury.  *State v. Brown,* 75 Mo. 318.  The in-
formation was made by a private citizen.

NORTON, C. J.—This is a prosecution, instituted be-
fore a justice of the peace of Nodaway county, in which
the defendant is charged, as a dram-shop keeper, with
selling intoxicating liquors to one Kelly, an habitual
drunkard, after he had been notified by the wife of said

Kelly not to give, furnish, or sell to said Kelly .any intoxicating liquors.   He was tried before the justice and convicted, and, on his appeal to the circuit court of Nodaway county, was again tried, convicted, and fined forty dollars, and from this judgment of conviction has appealed to this court.   But for the fact that defendant contends that section 5462, Revised Statutes, on which the prosecution is based, is unconstitutional, we could not entertain jurisdiction of the cause on his appeal.

It is claimed that said section authorizes the conviction of a dram-shop keeper for the offence specified therein, for the acts of his agents, even though they exceed their authority and the express direction of such dram-shop keeper.   The claim thus made is not well founded, because the said section does not authorize the conviction of a dram-shop keeper for the acts of his agent, done in violation of his directions, and without his consent, as will sufficiently appear by the section, so much of which as is necessary to be quoted is as follows : "Any dram-shop keeper, druggist, or merchant selling, giving away, or otherwise disposing of, any intoxicating liquor to any habitual drunkard, after such dram-shop keeper, druggist, or merchant shall have been notified by the wife, father, mother, brother, sister, or guardian of such person not to sell, give away, or furnish to such person any intoxicating liquors, shall be deemed guilty of a misdemeanor," etc.

There is, however, a fatal objection to the prosecution.   By section 12, article 2, of the constitution, it is provided "that no person shall, for felony, be proceeded against criminally otherwise than by indictment. * * * In all other cases, offences shall be prosecuted criminally, by indictment or information, as concurrent remedies."   In the case of *State v. Kelm*, 79 Mo. 515, in construing the word information, as it occurs in said section, it was held to mean a prosecution instituted by some officer whose duty it was to prosecute criminal

offences ; and it was further held that the affidavit of a private individual was not an information, and would not support a criminal prosecution. On the authority of that case, the prosecution in this case must fail, inasmuch as it was instituted, not by an officer, but on the affidavit of a private person.

Judgment reversed.    All concur.