G. B. DRAPER, Respondent, v. JOHN FITZGERALD,
Appellant.

St. Louis Court of Appeals, April 24, 1888.

1. PRINCIPAL AND AGENT—BARKEEPER SELLING TO MINOR.—In an
   action to recover the penalty for selling intoxicating liquor to a
   minor, under the act of March 31, 1885, an allegation that the
   liquor was so sold by the defendant is made good by proof that
   the sale was made by defendant's barkeeper.

2. ACTION—DRAM-SHOP KEEPER—INSUFFICIENT DEFENCES.—It is not
   necessary to prove, in an action for selling liquor to a minor, that
   the defendant was a dram-shop keeper at the time of the sale.
   Nor is it any defence, in such an action, that the defendant's bar-
   keeper acted in violation of his instructions, or that the minor
   represented himself as being of full age.

Appeal from the Lawrence Circuit Court, Hon. M. G. McGregor, Judge.

*Affirmed.*

W. Cloud and Joseph French, for the appellant: It appears by the evidence that the liquor was not sold by the defendant, but by John Daily. The statute provides against selling or suffering a sale. In this declaration there is no allegation that the defendant suffered a sale to be made. The cause of action being statutory and penal, the declaration must set forth the particular acts or omissions which constitute the cause of action by which the alleged penalty was incurred. 1 Chit. on Plead. s. p. 386; *Nellis v. Railroad*, 30 N. Y. 518; *Teetshorn v. Hull*, 30 Wis. 165. Section 5455, Revised Statutes, does not aid this omission in the declaration. This action is under section 5454, Revised Statutes, as amended by Laws of 1885, p. 160, which provides a penalty for selling as a dram-shop keeper or any other person. In this case, defendant is charged with selling as a dram-shop keeper, which, if true, in addition to the penalty of fifty dollars, forever disqualifies him from getting a dram-shop license. Rev. Stat., sec. 5458. There is no evidence showing that defendant was a dram-shop keeper at the time of the sale, yet he is precluded by this judgment from ever obtaining a dramshop license. *State v. Heckler*, 81 Mo. 417. In this case the evidence is that the sale was made against the express directions of the defendant; the court, therefore, erred in not submitting this question to the jury. *State v. Durkem*, 23 Mo. App. 387; *State v. Baker*, 71 Mo. 475; *State v. Reiley*, 75 Mo. 521; *Town of Kirkwood v. Autenreith*, 11 Mo. App. 515.

L. W. White and H. Brumback, for the respondent: The evidence offered by defendant, that the minor said he was over twenty-one, was properly

excluded. The prohibition of the statute is against sell-
ing, etc., to "any minor," and not merely to any minor
who admits he is such, and excepting those who may
tell a falsehood as to their age. Section 5455 of Revised
Statutes provides that any sale, etc., made to any minor
by any clerk, agent, or other person acting for any
dram-shop keeper shall be deemed and taken to be as
the act of such dram-shop keeper. Defendant cannot
evade this enactment by making it appear that he had
given a general instruction to his bartender not to sell
to minors. *Paint & Color Co. v. Conlon*, 92 Mo. 221.
The cases of *State v. Baker*, 71 Mo. 475; *State v. Reiley*,
75 Mo. 521; *State v. Heckler*, 81 Mo. 417, and all other
like cases, are criminal actions, and only decide: "A
principal is not criminally liable for the acts of his agent,
when that agent acts in contravention of the commands
of his principal." The case at bar is but a civil case
and for an act not indictable. *State v. Amor*, 77 Mo.
568.

THOMPSON, J., delivered the opinion of the court.

This was a civil action, under section 5454, Revised
Statutes, as reënacted by the act of March 31, 1885,
(Laws of 1885, p. 160), to recover the penalty therein
denounced for selling intoxicating liquor to a minor son
of the plaintiff. The statute is as follows: "Every
dram-shop or wine and beer-house keeper, or any other
person, who shall sell, give away, or otherwise dispose
of, or suffer the same to be done about his premises,
any intoxicating liquors, in any quantity, to any minor,
without the written permission of the parent, master, or
guardian of such minor first had and obtained,  *  *
*  shall forfeit and pay to such parent, master, or guar-
dian, for every such offense, the sum of fifty dollars, to
be recovered by the party entitled thereto, by civil action,
in any court of competent jurisdiction, against such
dram-shop or wine and beer-house keeper," etc. The
statement of the plaintiff's cause of action, filed before
the justice of the peace before whom the action was

commenced, charged that the defendant, being a duly licensed dram-shop keeper, did sell Lambertine Draper, a minor son of the plaintiff, intoxicating liquors, to-wit, one half-pint of whiskey, without the written permission of the parents of Lambertine Draper first had and obtained, etc.

The evidence adduced at the trial in the circuit court showed that the defendant's bartender, a man named John Daily, on the date charged in the statement, sold a half-pint of whiskey to Lambertine Draper, a son of the plaintiff, who was then only nineteen years of age, without the written consent of the boy's parents. It also showed that Daily did this contrary to the instructions of the defendant. On the objection of the plaintiff, the court refused to allow the defendant to show that when Lambertine Draper applied for the whiskey, he represented to the defendant's barkeeper that he was above the age of twenty-one years; and to this ruling the defendant excepted.

The jury returned a verdict for the plaintiff for the statutory penalty, and judgment was rendered thereon, from which the defendant prosecutes this appeal.

I. The first error assigned is, that the court refused to instruct the jury, as requested by the defendant, to find for the defendant. This assignment of error is predicated upon the argument that the liquor was not sold to the minor by the defendant, but by the defendant's barkeeper, against the defendant's instructions; that, the action being statutory and penal, the statement of plaintiff's cause of action must set forth the particular act or omission by which the penalty sued for was incurred. The argument is that, as the statement alleges that the liquor was sold to the minor by the defendant, and that, as the evidence shows that it was sold by the defendant's barkeeper, the cause of action stated in the complaint was not proved. This would be the correct view if this were a criminal action, as the cases cited by the learned counsel show. But this is a civil action, and in civil actions the maxim of *respondeat superior* applies.

*Mound City Paint Co. v. Conlon*, 92 Mo. 221 ; *Garretzen v. Duenckel*, 50 Mo. 104. In such an action, the allegation that the defendant sold the liquor to the minor is made good by proof that he sold it to the minor through his agent ; since what a man does by an agent he does by himself. We so ruled in a recent case under a different clause of the same statute, where the action was prosecuted on the dram-shop keeper's bond. *Greene County to use v. Wilhite*, 29 Mo. App. 459. This conclusion is still more clear in view of the succeeding section of the Revised Statutes : "Any sale, gift, or other disposition of intoxicating liquors, made to any minor without the permission or consent herein required, or to any habitual drunkard, by any clerk, agent, or other person acting for any dram-shop keeper, druggist, merchant, or other person, shall be deemed and taken to be, for all the purposes of this chapter, as the act of such dram-shop keeper, druggist, merchant, or other person." Rev. Stat., sec. 5455.

It is also argued that the jury should have been instructed to find for the defendant, because there was no evidence that the defendant was a dram-shop keeper at the time of the sale ; whereas, if this judgment stands against him, he is, under the provisions of Revised Statutes, section 5458, precluded from ever obtaining another license as a dram-shop keeper. As above seen, the statute is not confined to dram-shop keepers, but includes "any other person."

II. As already stated, the evidence showed that the defendant was not present when the half-pint of liquor was sold to the minor, and it also showed that he had expressly instructed his bartender not to sell any liquor to any minor. As appropriate to this evidence, the defendant requested the following instruction, which the court refused :

"The court instructs the jury that, if they believe from the evidence that J. E. Fitzgerald was not present when the liquor was sold ; knew nothing in fact of the sale ; that he, the defendant, had

expressly instructed John Daily to sell no liquor to any minor, and that said liquor was sold contrary to that instruction, they will find for the defendant."

There was no error in this ruling. This being a civil action, the defendant was responsible for the tortious act of his barkeeper, and cannot defend on the ground that the latter disobeyed his orders. *Greene County to use v. Wilhite,* 29 Mo. App. 459 ; *Mound City Paint Co. v. Conlon,* 92 Mo. 221 ; *Garretzen v. Duenckel,* 50 Mo. 104.

III. As above stated, the court refused to allow the defendant to prove that the minor, at the time when he purchased the whiskey, represented that he was twenty-one years of age. The court followed up this ruling with the following instruction, given at the request of the plaintiff :

"If you believe from the evidence that, at the time of the alleged sale of whiskey, said Lambertine Draper was under twenty-one years of age, it is no excuse or defence to defendant that his bartender may have asked Lambertine Draper how old he was and that he may have replied that he was over twenty-one years of age."

We see no error in these rulings. If the representations of the minor as to his age were a protection to the dram-shop keeper, the statute could be evaded in every case.

The other assignments of error are not argued by the appellant. We see nothing in them which has not been sufficiently discussed in what has already been said.

All the judges concurring, the judgment is affirmed.