# CASES DETERMINED

IN THE

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

## OCTOBER TERM, 1889.

STATE OF MISSOURI, Respondent, v. MICHAEL P. McGINNIS, Appellant.

### Kansas City Court of Appeals, December 2, 1889.

Selling Liquor to Minor: DEFENDANT LIABLE FOR SALE BY BAR-TENDER: STATUTE CONSTRUED. The legislative intent in the enact-ment of sections 5454 and 5455, Revised Statutes, 1879, is to relieve the boys and young men of the state from the evil influences of the dramshops, so often resulting in intemperance and drunkenness; and on the trial of an indictment of a dramshop keeper for selling to a minor, it is *no defense* that the sale was made by the bartender, without defendant's knowledge, in his absence, and direct viola-tion of his desire, and against his positive directions and instruc-tions.

*Appeal from the Saline Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

(15)

*Sam'l Boyd* and *Frank P. Sebree*, for the appellant.

(1) The court committed error in refusing to give the first instruction asked by the defendant. The evidence was strong, uncontradicted and convincing, that the beer was sold, in the absence of the defendant, and without his knowledge, and in violation of his desire and express and positive orders. This being the case, the defendant was not guilty, and the jury should have been so instructed. *State v. Baker*, 71 Mo. 475; *State v. McGrath*, 73 Mo. 181; *State v. Reiley*, 75 Mo. 521; *State v. Durken*, 23 Mo. App. 387; *Green Co. v. Wilhite*, 29 Mo. App. 459; *Draper v. Fitzgerald*, 30 Mo. App. 518; *State v. Shortell*, 93 Mo. 123. The court committed error in giving instruction number 1, on behalf of the state. It entirely ignored the defense, to-wit: That the beer was sold without the knowledge of defendant, and against his instructions. In criminal cases, section 5455 has no application. The law has always been, both before and after the amendment of 1885 of section 5454 (see Laws, 1885, p. 160), that one is not liable, criminally, for the acts of his agents, done in his absence, and against his instructions, given in good faith. See authorities cited above.

*John M. Wood* and *A. F. Rector*, for respondent.

(1) The objection to the instructions given by the court, on the part of the state, is without merit. Instruction number 1 properly declared the law, and there can be no objection to it. Instruction number 2, while counsel for the state do not agree with the court, that it declares the law, yet the error is in defendant's favor, and he cannot complain. Section 5455 must apply in this case, and, in that event, it makes no difference whether the dramshop keeper knew of the sale or

not. It cannot be contended that section 5455 does not apply to the amendment of section 5454, as made in Acts of 1885, page 160. Instructions numbers 3 and 4 are without objection. (2) Instruction number 1, asked by the defendant, was properly refused. Under the theory upon which the case was tried, the question to be tried by the jury was, did the defendant, in good faith, instruct his bartenders and clerks not to sell to any minor? There was ample proof that sales were made, without any restraint whatever, to said minor, Patterson, and that sales were made by Wm. Holmes, and that said Holmes was kept in the employ of defendant long after the indictment in this case; and the case should have been submitted to the jury on evidence. There was no error in refusing the second instruction asked by the defendant, as the court covered the point in instruction given for the state, upon the question of reasonable doubt.

GILL, J.—The defendant, a dramshop keeper, was indicted by the grand jury of Saline county for selling beer to one Charles Patterson, a minor, without the written permission of the parents of said minor. The uncontradicted evidence proved that the defendant was a dramshop keeper, and that he had in his employ, as a barkeeper, William Holmes, who, on several occasions, during the summer of 1887, sold beer to said minor, at said dramshop. The defense was, that said sales were made in the absence of the defendant, who knew nothing about them, and in direct violation of the desire of the defendant, and against his positive directions and instructions. The verdict was "guilty," and judgment accordingly. The defendant appealed to this court.

Several reasons are urged by defendant's counsel for reversal of this cause, but, in our view of the law,

it is, perhaps, unnecessary to discuss most of the points raised, since we hold that, under the undisputed facts of the case, the defendant was guilty, and the verdict and judgment entirely proper. The sale of intoxicating liquor, by the defendant's barkeeper, to the minor, without the written permission of the minor's parents, made a case against the defendant, regardless of any directions or instructions from the defendant to said barkeeper.

We are aware of the common-law rule, laid down in *State v. Baker*, 71 Mo. 475, and kindred cases, cited by defendant's counsel, to the effect that a defendant will not be held liable in a criminal prosecution for the act of his agent done in the absence, and contrary to the instructions of the defendant. But the legislature of this state has provided a different rule for this class of offenses, and the defendant is held to the same extent as if the selling liquor to a minor was done by him in person.

We quote from Revised Statutes, section 5454, as the same stands now by the act of 1885: "Every dramshop, or wine and beer-house keeper * * * who shall sell, give away, or otherwise dispose of, or suffer the same to be done, about his premises, any intoxicating liquors in any quantity, to any minor, without the written permission of the parent, master or guardian of such minor first had and obtained * * * shall forfeit and pay to such parent, master or guardian, for every such offense, the sum of fifty dollars, to be recovered by the party entitled thereto by civil action * * * *provided*, further, that every dramshop or wine and beer-house keeper who shall violate the provisions of this section, in addition to the civil liability to the parent, master or guardian, herein provided for, shall be deemed guilty of a misdemeanor and be punished by a fine of not less than fifty nor more than two hundred dollars," etc.

Previous to the amendment of 1885, the section, above quoted, did not provide for a prosecution by the state. The last provision is, therefore, an extension of liability as the law theretofore stood.

Now, the section of the statute immediately following the one, above quoted, reads as follows: "5455. Any sale, gift or other disposition of intoxicating liquor made to any minor without the permission or consent herein required * * * by any clerk, agent, or other person acting for any dramshop keeper * * * shall be deemed and taken to be, for all the purposes of this chapter, as the act of such dramshop keeper * * *."

The legislative intent, by the enactment of the foregoing sections, is a matter of no doubt or misunderstanding. The aim of this law was, and is, to relieve the boys and young men of the state, at that most flexible period, from the evil influences of the dramshops, so often resulting in intemperance and drunkenness.

To correct this evil, as far as may be, and save to the state the character and usefulness of its citizens, it was made a statutory misdemeanor to furnish, by gift or by sale, intoxicating drinks to a minor.

And to further the good work, and make sure of detecting the law-breaking liquor-dealer, an action for damages was likewise given the youth's parents. Finding, however, that the liquor-seller often escaped punishment by showing the act of selling to be that of an irresponsible barkeeper, the law was further extended so as to hold the proprietor of the dramshop chargeable with the acts of the bartender. It is no defense then for the accused that he had directed the barkeeper not to furnish intoxicating liquors to minors without written permission from the parents. So the legislature has declared by the enactments, above alluded to, and we know of no reason why such law shall not be enforced, as enacted.

The exact question here, as applied to the state's prosecution, has never, that we are aware of, been up for decision by the appellate courts of Missouri. It has been repeatedly decided, however, that such a defense is not available in the civil action by the parent for the penalty prescribed. *Draper v. Fitzgerald*, 30 Mo. App. 518; *Greene County v. Wilhite*, 29 Mo. App. 459.

It is true that Judge ROMBAUER, in case last cited, uses such language as it would seem he might apply a different rule if he had been deciding the state's case for the same offense. However, in the same opinion the statute (sec. 5455) is quoted as conclusive of the question that instructions to the barkeeper are no defense, and it is there held that, by virtue of that statute alone, the court will regard it no defense that the liquor was sold by the agent or barkeeper contrary to the defendant's orders. But, as already stated, the exact point we have here was not then before the St. Louis Court of Appeals nor did that court attempt to decide it. That court held that section 5455 did apply to the action for the penalty brought by the parent, and *we* now hold it applies likewise to the state's prosecution, and that it is no defense for the proprietor of a dramshop that the barkeeper, or agent in charge, sold the liquor to the minor contrary to orders from such proprietor. *Noecker v. The People*, 91 Ill. 494.

In our opinion, therefore, the errors of the trial court were wholly immaterial on this appeal. The views of that court, as appear from its instructions, are erroneous, but such errors are on behalf of the defendant.

The judgment was for the right party and is affirmed. The other judges concur.