## THE STATE v. McCANCE, *Appellant.*

Division Two, May 31, 1892.

1.   **Dramshop Keeper:** SALE BY AGENT TO MINOR.   A dramshop keeper is liable to indictment for a sale of intoxicating liquor to a minor, although the sale was made by his agent.

:2. ———: ———: PRIMA FACIE CASE: REBUTTAL: EVIDENCE. Under
section 4589, Revised Statutes, 1889, proof of sale of intoxicating
liquors to a minor by the clerk or agent of a dramshop keeper makes a
*prima facie* case against the latter, but it is competent for him to
rebut it by proof that such sale by the agent was forbidden, and this
he may do by his own testimony as well as that of his agent or clerk.

.3. **Criminal Statutes, Construction of.** Criminal statutes
should be construed strictly against the state and in favor of
innocence and liberty.

### Certified from Kansas City Court of Appeals.

REVERSED AND REMANDED.

*John S. Blackwell* for appellant.

(1) The indictment is insufficient in law. Under
it the defendant did not and could not know what to
meet. He had the constitution al right to know this
which right was denied him. Constitution, art. 2, sec.
22; *State v. Crooker*, 95 Mo. 389; *State v. Reakey*, 62
Mo. 40; *State v. Hayward*, 83 Mo. 299; *United States v.
Cruikshank*, 92 U. S. 558; *United States v. Hess*, 124 U. S.
483. (2) It was error to receive evidence of a sale to the
minor by the bar-keeper of defendant. It was a vari-
ance from the allegations of the indictment. The alle-
gations in the pleading and the proofs must correspond.
2 Greenleaf's Evidence [Redf. Ed.] secs. 50, 51; Roscoe's
Evidence [6 Am. Ed.] secs. 75, 86; *Seibert v. Allen*,
61 Mo. 482; *Waldstein v. State*, 14 S. W. Rep. 394;
*Draper v. Fitzgerald*, 30 Mo. App. 518; *State v. Reiley*,
75 Mo. 521. (3) The court committed error result-
ing in defendant's conviction in refusing to allow the
defendant and his bar-keepers, James Small and
Charles Rogers, to testify as to the orders and
instructions given by the defendant to said Small and
Rogers, forbidding them from selling or giving intoxi-
cating liquors of any kind, character or quantity, to
any minor or minors, without the written permission

of the parent, master or guardian of such minor being first had and obtained, authorizing such sale or gift. *State v. Reiley*, 75 Mo. 521; *Barnes v. State*, 19 Conn. 398; *State v. Baker*, 71 Mo. 475; *State v. Shortell*, 93 Mo. 123; Bishop's Statutory Crimes, sec. 99, and note; *State v. McGrath*, 73 Mo. 181; *Thompson v. State*, 45 Ind. 495.

*William Aull*, Prosecuting Attorney, for the State.

(1) The indictment is sufficient. R. S. 1889, sec. 4589; *O'Brien v. State*, 2 S. W. Rep. 337; *Com. v. Park*, 1 Gray (Mass.) 553; *Com. v. Holmes*, 119 Mass. 195; *State v. Quinn*, 40 Mo. App. 627. (2) Evidence of a sale by the bar-tender was properly admitted. R. S. 1889, sec. 4589; *O'Brien v. State, supra; Com. v. Park, supra; Com. v. Holmes, supra; State v. Bruder,* 35 Mo. App. 479; *State v. Hartfield*, 24 Wis. 60; *McCutcheon v. People*, 69 Ill. 602; *Seigel v. People,* 106 Ill. 96; *Redmond v. State*, 36 Ark. 58; *State v. Coenan*, 48 Iowa, 569. (3) The sale by the bar-tender was a sale by defendant regardless of his instructions to his bar-tender. R. S. 1889, sec. 4589; *State v. McGinnis*, 38 Mo. App. 15; *Greene Co. v. Wilhite*, 29 Mo. App. 459; *Draper v. Fitzgerald*, 30 Mo. App. 518; *Teasdale v. State*, 3 S. Rep. (Miss.) 245; *State v. Denoon*, 5 S. E. Rep. (W. Va.) 315; *Mayler v. State*, 47 Ark. 109; *Snider v. State*, 7 S. E. Rep. (Ga.) 631; *Boatright v. State*, 77 Ga. 717; *Noecker v. People*, 91 Ill. 494. (4) "Any sale made to any minor by any clerk, agent or other person acting for any dramshop keeper shall be deemed and taken to be, for all the purposes of this article, as the act of such dramshop keeper." R. S., sec. 4589. This statute is constitutional. Defendant had the right to sell liquor, and such right only as was given by the statute author-

izing his license. He accepted his license under this statute, which imposed this as one of the penalties for its violation. *Austin v. State*, 10 Mo. 591; *Bartmeyer v. Iowa*, 18 Wall. 129; *Kidd v. Pearson*, 9 Sup. Ct. Rep. 6; *Wingler v. Kansas*, 123 U. S. 623; *St.Louis v. Fitz*, 53 Mo. 582; *State ex rel. v. Hudson*, 78 Mo. 302; *State v. Fancher*, 71 Mo. 460; *Householder v. Kansas City*, 83 Mo. 488; *State ex rel. v. Laughlin*, 75 Mo. 147; *State v. Addington*, 77 Mo. 110; *Kelly v. Meeks*, 87 Mo. 396; *State v. Fisher*, 52 Mo. 177.

GANTT, P. J.—The defendant was indicted by the grand jury of LaFayette county, at the March term, 1891, for having on December 25, 1890, in said county, as a dramshop keeper, unlawfully sold intoxicating liquor to one Dave Blewitt, a minor, without the written permission of his parent, mother or guardian. Defendant was convicted and fined $50. From this conviction he appealed to the Kansas City court of appeals. Defendant having challenged the indictment in that court, on the ground that it did not inform defendant of the nature and cause of the accusation against him, it was ordered transferred to this court.

I. It is conceded by defendant that, if the evidence had shown that the defendant himself had made the sale of liquor for which he is indicted, it would be good, but he contends that, as the proof showed a sale by his agent, it is not sufficient. The indictment is sufficient, uniformly so held in this and most of the other states. *State v. Baker*, 71 Mo. 475; *State v. McGrath*, 73 Mo. 181; *State v. Heckler*, 81 Mo. 417; *Barnes v. State*, 19 Conn. 398; *O'Brien v. State*, 2 S. W. Rep. (Ark.) 339; *Waller v. State*, 38 Ark. 656; *Noecker v. People*, 91 Ill. 494; *Commonwealth v. Fredericks*, 119 Mass. 199.

VOL. 110—26

II.   After the state had shown the sale was made by the defendant's bar-keepers, the defendant testified he did not sell the intoxicating liquor to the minor, and offered to prove by himself and James Small and Charles Rogers, his bar-keepers, that he gave strict and positive orders to them not to sell or give any intoxicating liquors of any kind or character to any minor or minors without a written permission or written consent of the parent, guardian or master of such minor.   Upon the objection of the prosecuting attorney the court held this evidence incompetent, and excluded it.   Defendant saved his exceptions.   This necessarily involves a construction of sections 4588 and 4589, Revised Statutes, 1889.

This point has not been decided in this court. Prior to 1885, the remedy for a violation of this statute as to sales to minors was by civil action only.   *State v. Amor*, 77 Mo. 568.   In that year the offense was made a misdemeanor and punishable by fine.

The liability of the dramshop keeper for the sale of liquor to minors by his agent was clearly established by the St. Louis court of appeals in civil actions, and it was held that neither ignorance of the minority of the vendee, nor violation of the dramshop keeper's directions, was available as a defense under the statute.   In other words the statute furnished a conclusive rule of evidence.   *Greene Co. to use v. Wilhite*, 29 Mo. App. 459; *Draper v. Fitzgerald*, 30 Mo. App. 518.

These rulings were expressly confined to the *civil* liability, and the intimations were very clear, that in the opinion of that court the rule of evidence would be different in a criminal prosecution under this statute. But in *State v. McGinnis*, 38 Mo. App. 15, the Kansas City court of appeals held, under said sections, that even in a criminal prosecution for sale of liquor to a minor it was no defense for the proprietor of a

dramshop, that his bar-keeper sold the liquor to a minor contrary to the orders of the proprietor. This construction of the statute, defendant claims, is unreasonable, and denies him the right of trial by jury.

The right of the state to regulate the sale of intoxicating liquors, and the wisdom of making stringent regulations for preventing sales of intoxicants to minors, is not denied by the defendant. As a general rule of law the principal cannot be held criminally liable for the acts of his agent committed without his knowledge or consent. But there are statutes which are in the nature of police regulations which impose criminal penalties, irrespective of any intent to violate them. A number of these are collated by Chief Justice COOLEY in *People v. Roby*, 52 Mich. 579.

The decisions of the various states are so conflicting on the case at bar they cannot be reconciled. The opinion in *State v. McGinnis, supra,* is amply supported by decisions of the supreme courts of Illinois, Arkansas, Mississippi and Georgia, and perhaps other states. *People v. Noecker, supra; McCutcheon v. People,* 69 Ill. 601; *Robinson & Warren v. State,* 38 Ark. 641; *Whitton & Ford v. State,* 37 Miss. 379; *O'Brien v. State, supra; Edgar v. State,* 45 Ark. 356; *Loeb v. State,* 75 Ga. 258. In other jurisdictions the rule holds the dramshop keeper *prima facie* liable only for the acts of his agent, and he is permitted to offer evidence that he forbade the sale, and his good faith in so doing is a question for the jury. *Commonwealth v. Nichols,* 10 Metc. 259; *Thompson v. State,* 45 Ind. 495; *Commonwealth v. Putnam,* 4 Gray, 16; *Commonweath v. Stevens,* 26 N. E. Rep. (Mass.) 992; *Commonwealth v. Wachendorf,* 141 Mass. 270; *Anderson v. State,* 22 Ohio St. 305; *State v. Smith,* 10 R. I. 258; *Barnes v. State, supra; State v. Wentworth,* 65 Me. 234; *State v. Hayes,* 67 Iowa, 27; *State v. Gaiocchio,* 9 Tex. App. 387; *State v. Wray,* 72

N. C. 253; *State v. Bacon*, 40 Vt. 456. So in this state the rule has been settled in prosecutions for the violation of the dramshop act and druggist law, without reference, however, to this section, that a sale by a clerk or agent was only *prima facie* evidence of guilt of the master. *State v. Baker*, 71 Mo. 475; *State v. Heckler*, 81 Mo. 417; *State v. Shortell*, 93 Mo. 123.

It will be observed that the statute attaches the same significance to the act of the agent in selling to the "habitual drunkard" as to a minor, and this court, in *State v. Shortell, supra,* defended the particular statute in that case, against the charge of unconstitutionality on this identical ground, that it did not authorize the conviction of the dramshop keeper for the acts of his agent, done in violation of his directions. The court does not quote this section or comment on it, but the exact point was before the court, and it construed the law against the view held in *State v. McGinnis.*

Does section 4589 establish a conclusive, or merely a *prima facie* rule of evidence? It seems to us, in construing this statute, we ought, if possible, while giving full effect to the intention of the legislature, at the same time observe those well-settled and well-grounded principles of natural justice that are the basis of all enlightened jurisprudence, and not to break down the safeguards of the constitution, which are for the protection of every person charged with crime. Let it be conceded that the business of selling liquor is not commendable from a moral standpoint, still the legislature has seen fit to license it, and make it a source of revenue to our municipalities. After the dramshop keeper has fully complied with the statute, in establishing his character as a man of good morals, entered into bonds to keep an orderly house, and not to sell to minors, he is licensed to retail liquors. So long as he

observes the conditions of his bond he is doing a lawful business. As the proprietor of a lawful business he may employ agents to assist him. The acts of his agent in and about his business are deemed and taken to be his acts. For the acts of his agent he is responsible in a civil action, even though done without his knowledge, or against his orders, if they are within the scope of the agent's authority, even his torts. *Garretzen v. Duenckel,* 50 Mo. 104.

It is true section 4589 says the agent's sale shall be deemed and taken to be the act of his master, and so long as we construe it to mean that proof of a sale to a minor shall be *prima facie* proof of guilt, throwing the *onus* upon, but allowing the defendant the right to show that he had no complicity in the sale, and it was against his positive orders, given in good faith and not as a mere blind, we are in harmony with all the other decisions of this court in the construction of similar statutes; and, above and beyond this, we are in accord with that law of the land that presumes every man charged with crime innocent, until he is shown guilty beyond a reasonable doubt, and that guarantees to every defendant the right to *demonstrate his innocence* to a jury of his peers. A defendant charged with violating this act has the same rights as one charged with larceny. In this case, the presumption arising from the ordinary course of business, and the relation of principal and agent, is that, when a sale over the counter by the agent is shown, it was with the consent of the dramshop keeper. In larceny, if a stolen horse is found recently after the theft in possession of a defendant, he is presumed to be the thief. In the latter case, by the common consent of all the courts, he is permitted, even called upon, to explain his possession; shall we say, that selling liquor

to a minor is a crime so much more grievous than larceny, we will hear no explanation?

In the absence of some provision explicitly denying this right, and expressly excluding this defense, we are unwilling to believe the legislature intended any such thing. As the section now reads, we hold it only makes a *prima facie* rule of evidence. Whether the legislature could make it conclusive, we express no opinion. It will be sufficient to consider the effect of such a statute when it is so unequivocal no other construction can be given to it.

Although the defendant gave bond to comply with the law, and it is right that he be held to a strict accountability, when he is charged with a violation of the law, we do not understand he has waived his right to a fair and impartial trial by a jury, according to the law of the land. This is a criminal statute, and the universal rule is that it should be construed strictly against the state and in favor of innocence and liberty. It follows that *State v. McGinnis*, 38 Mo. App. 15, is overruled.

Our conclusion is that it was competent for the defendant to testify that he had forbidden his clerks, in good faith, to sell intoxicating liquors to minors without the written consent of their parents, guardians or masters, and to prove this by his clerks also, and that in excluding this evidence the court erred.

For this error only, the judgment is reversed, and this cause remanded to the Kansas City court of appeals, with directions to certify this decision to the criminal court of LaFayette county. All concur.