THE STATE OF MISSOURI, Respondent, v. C. M. MEADOWS, Appellant.

Kansas City Court of Appeals, May 30, 1904.

1. **CRIMINAL LAW: Information: Knowledge of Informant: Instruction.** On an information before a justice of the peace based on the complaint of a private citizen, the defendant can not be convicted of an offense of which the person making the complaint had no actual knowledge and an instruction directing the jury to exclude from consideration testimony tending to show an offense other than that within the knowledge of the informant should be given.

2. **————: Minor Playing Pool: Knowledge of Proprietor: Instruction.** Unless the proprietor of a pool room was present and permitted a minor to play pool on his tables there can be no conviction and the jury should be so instructed, and the fact that the agent of the proprietor who was instructed not to do so, did permit the minor to play can not render the principal guilty.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*Hicklin, Leopard & Hicklin* for appellant.

When a prosecuting attorney files an information before a justice of the peace, based on the affidavit of a private citizen, filed therewith, the defendant can not be convicted of an offense of which the person making the affidavit has no actual knowledge. R. S. 1899, sec. 2749; State v. Fuser, 75 Mo. App. 263; State v. White, 55 Mo. App. 356; State v. Shaw, 26 Mo. App. 383.

No brief for respondent.

SMITH, P. J.—The prosecuting attorney filed an information before a justice of the peace based upon the complaint of one S. N. Best, verified by his oath, charging defendant with a violation of section 439, Revised Statutes. There was a trial by jury resulting in the conviction of defendant.

Best, the prosecuting witness, testified that at about five o'clock in the afternoon of February 14, 1902, he went into the billiard hall of defendant and there found his infant son, Lewis, and one Harvey Carter, playing pool and told him—his said son—to get out of there. He further testified that he saw defendant there sitting over "north of the little screen." There was much uncontradicted evidence adduced to the effect that the defendant was not present in his billiard hall at the time the prosecuting witness testified, but had left on a railway train several hours previously and did not return until a couple of days later. The defendant testified that one Allen, who was the manager of his billiard hall, had been directed by him not to permit minors to play on the tables there without the permission of the father,

master or guardian. There is no testimony tending to prove that the prosecuting witness was present in the defendant's billiard hall but the one time, and that, as already stated, was in the evening.

H. D. Best, another son of the prosecuting witness, testified that at about 10 or 11 o'clock a. m. on the day in question he played with his brother, Lewis, on the defendant's billiard tables and that defendant was present part of the time and told Lewis how to "shoot a shot or two." But as the complainant did not have actual knowledge of this playing, the complaint and information had no reference to it. It was an offense other than that charged in the complaint and information, and therefore no reason is seen why the defendant's instruction number four, telling the jury to exclude from consideration all testimony tending to show an offense committed by defendant in the forenoon of the fourteenth of February, should not have been given. It has been several times ruled by us that when a prosecuting attorney files an information before a justice of the peace based on the complaint of a private citizen filed therewith, the defendant can not be convicted of an offense of which the person making the complaint had no actual knowledge. R. S., sec. 2749; State v. Fuser, 75 Mo. App. 263; State v. White, 55 Mo. App. 356; State v. Shaw, 26 Mo. App. 383.

The court refused another instruction requested by the defendant which told the jury that unless it believed from the evidence beyond a reasonable doubt that defendant was present or permitted the minor, Lewis Best, to play upon his pool table at the time testified to by the prosecuting witness, S. N. Best, to find for defendant. There was evidence adduced, as we have already stated, that the defendant was *not present* and did not suffer or permit the prosecuting witness's minor son to play upon the pool table of the former. The undisputed evidence was that the defendant had instructed Allen, his manager, not to allow or suffer minors to play on his

billiard or pool tables without the consent of their parents, masters or guardians. If defendant's manager, in spite of this instruction, during defendant's absence permitted the prosecutor's minor son to play on his billiard or pool tables, this was not a criminal offense for which defendant could be convicted. State v. Mc-Cance, 110 Mo. 398. In view of this, we think the instruction requested by defendant and refused, as just referred to, should have been given.

The jury under the evidence might have very well found that the son of the prosecuting witness did play on the defendant's billiard or pool table at the time testified to by the former, but that the defendant was not then present and did not suffer or permit such playing; and therefore the defendant was entitled to a consideration of his defense on the theory of said last referred to instruction.

Accordingly, it results that the judgment should be reversed and cause remanded, and it is so ordered. All concur.