STREET & BURDETT *v.* GEORGE M. HALL.

*Recovery upon an account for which a promissory note was taken. Law of New York. Import of a receipt given for a payment by note. Conclusiveness and effect of a general receipt. Sale of intoxicating liquors to a town agent.*

If a note was taken for the amount of an account, but was not received in payment of it, a recovery may be had upon the account without a surrender of the note, if it has always remained in the custody and power of the plaintiff. But if it was a negotiable note, and has been negotiated, a surrender of it will be required before the plaintiff will be allowed an execution upon his judgment.

By the law of the state of New York, neither the note of the debtor or that of a third person, taken for the amount of an account, is to be regarded as a payment of it, unless it be expressly so agreed.

The plaintiffs had an account against the defendant which one P. was under obligations to the defendant to pay, and for the amount of which he gave to the plaintiffs his note, whereupon they gave to him a statement of the account with their receipt for it as paid by P.'s note, at three months, &c. The account accrued, and the note was taken, and the receipt given in the state of New York, where the plaintiffs resided. *Held,* that the receipt imported nothing more than that the plaintiffs had received said note, which if paid would be in payment of the account.

If the receipt had been a general one, it might have been shown by parol that it was, in point of fact, for a note which had not been productive; but, in that case, if the defendant saw the receipt, and acted upon the evidence of it in his subsequent dealings with P., in the belief that the account was actually paid, and would, in consequence thereof, suffer loss if its effect as a general receipt was impaired, the plaintiffs would perhaps be estopped from claiming that it was different from what it purported to be.

A sale of intoxicating liquors to a person authorized to sell them as town agent, under the law of 1852, to prevent the traffic in intoxicating liquors for the purpose of drinking, is not a violation of that statute; nor is the person who sells to a town agent responsible for the intent with which the agent purchased, or the use to which he puts them. In this case, the sale to the agent was made in the state of New York, where the seller resided.

BOOK ACCOUNT. The facts, as reported by the auditor, were as follows :

In May, 1854, the defendant was duly appointed by the commissioner for the county of Franklin the agent for the town of Swanton to sell intoxicating liquors for the purposes, and in the manner authorized by the act of 1852 to prevent the traffic in intoxicating liquors for the purpose of drinking ; and he appointed one Daniel Platt his general agent to purchase and sell said

liquors, and agreed to give him, as his compensation for attending to the business, one-half of the net profits. Said Platt took the general oversight and charge of the business, and among others ordered two or three bills of liquor from the plaintiffs, who were dealers in them in Troy, in the state of New York; and they sent the liquors as charged, to the amount or value of four hundred and fourteen dollars and twenty-seven cents, the liquors being ordered in the name of and charged and sent to the defendant; and they were received and disposed of by said Platt, who acted in the name and professedly only as the agent of the defendant. In September, 1854, the defendant made another agreement with Platt by which, instead of receiving one-half of the profits Platt was to receive the whole and pay to the defendant a gross sum; and Platt was to provide for the payment of all the liquors then bought and not paid for, or which should be thereafter bought, but was to conduct the business in the defendant's name and professedly as his agent as theretofore. In pursuance of this arrangement and after the plaintiffs' account accrued in January, 1855, Platt called at the plaintiffs' store in Troy, New York, and then paid them one hundred dollars, which was passed to the defendant's credit on the plaintiffs' books, and at the same time the plaintiffs drew off a general statement of the account, which amounted to four hundred and fourteen dollars and twenty-seven cents, and then gave credit thereon for the one hundred dollars, leaving a balance of three hundred and fourteen dollars and twenty-seven cents. For this balance Platt then gave his individual note at three months, payable at the Missisquoi Bank, and the plaintiffs receipted the bill as follows:

"Received payment by D. Platt's note at three months, payable at Missisquoi Bank. STREET & BURDETT.

"Troy, January 6th, 1855."

This note, which had never been paid, was given by Platt and received by the plaintiffs, in order that they might balance their books, and with the agreement and understanding that it was not, unless paid, to operate as a payment of the account, or discharge the defendant from his liability for the debt.

The defendant insisted that parol evidence could not be received

to do away with the effect of this receipt, and claimed that it was conclusive; but the objection was overruled by the auditor, and evidence received from which the foregoing facts in relation to the settlement were found.

Platt, during the latter part of the time in which he sold liquors in the name of the defendant, sold where he knew they were not purchased for chemical, mechanical or medicinal purposes, and in violation of the law, but this was not known to the plaintiffs, who, at the time of the sale and delivery of the liquors charged in their account, supposed and believed that they were purchased for a legitimate purpose, and were to be sold under the license which the defendant held from the county commissioner.

Upon the foregoing facts the county court, June Term, 1856,— PECK, J., presiding,— rendered judgment for the plaintiffs for the amount of their account, to which the defendant excepted.

From the opinion of the court it would seem that in the supreme court the note of Platt for three hundred and fourteen dollars and twenty-seven cents was produced and surrendered, or offered to be surrendered, but no mention is made of any such surrender in the proceedings before the auditor or county court.

*I. B. Bowdish* and *B. H. & E. M. Smalley*, for the defendant.

*H. G. & L. H. Edson* and *A. O. Aldis*, for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, CH. J. The note surrendered being in every respect the same which the auditor reports was given by Platt, and no question being made in regard to its genuineness, and there being no pretense that he executed more than one such note, we must conclude it is the identical note. This will remove all question upon that ground.

But if the note had not been in fact surrendered, it would be no objection to the recovery so long as it remained in the custody or power of the party. But if it were negotiable and had been negotiated, (which the report does not show in the present case, and which we could not presume,) it must be surrendered before the party is entitled to execution upon his judgment.

In regard to the receipt which the plaintiffs gave Platt, it was certainly not conclusive of payment. ˙ This being a New York · transaction is governed by the New York law, which, as laid down by this court in *Rosseau* v. *Cull*, 14 Vt. 85, in the language of one of their own judges is, that neither the note of the debtor, or a third person, taken for the amount of an account is to be regarded as payment unless it be expressly so agreed. The receipt was in the usual form, and really imported nothing more than that the plaintiffs had taken Platt's note for the amount of the account payable at a bank, and which, when paid, would operate as payment of the account. These legal consequences were not indeed all stated in the receipt, and it would have been very unusual if they had been. But business men in New York, knowing the law, would of course understand them upon being shown the receipt; and so must the court; and so was the defendant bound to do when the receipt was brought to him. And there is nothing in the case to show that he was misled by the receipt, or that the plaintiffs in giving it had any reason to suppose he would be, or that Platt attempted to mislead him by it. And all these results are requisite to have it operate as an estoppel *in pais* against the plaintiffs beyond its effect upon the account upon other grounds.

This receipt is not a general receipt in payment, and if it had been it might, as between the parties, have been explained by oral evidence, and its operation wholly defeated by showing in what the payment was in fact made, and that it had failed of being productive.

But in that case the argument made here might properly arise if the receipt had been shown to the defendant, and he had been so induced to act upon it as to have suffered loss. But here the plaintiffs seem to have guarded against such a result with great circumspection, by stating upon the face of the receipt the nature of the payment.

We said at the argument we could not regard the sales by the plaintiffs to the defendant, being a town agent, as any violation of the statute. We are confirmed in that view. The authority to the defendant to sell must imply an authority to buy. If not, he must have been expected to manufacture what he sold, which

could not be supposed. And the agent having an implied authority to buy for the purposes of his agency, it could not, without some express provision of the statute, be required of those who sell such agent to be responsible for the uses to which he put it or the intent with which he purchased it.

Judgment affirmed.