## COMMONWEALTH *vs.* JASON B. REYNOLDS.

Evidence that the defendant's wife, in the kitchen of his dwelling-house, twice sold intoxicating liquor in his absence, he coming in before the purchaser left and saying nothing, warrants an instruction to the jury, that they may find the defendant guilty of an illegal sale, if they find that she sold his liquor with his knowledge or consent or as his agent or servant, and will support a conviction for an illegal sale.

COMPLAINT for an illegal sale of intoxicating liquor. At the trial in the Superior Court, before *Brigham*, C. J., two witnesses testified that March 23, 1873, they went to the defendant's dwelling-house twice; once in the forenoon, when they remained an hour and a half, and again in the afternoon; that each time, one of them purchased whiskey of the defendant's wife, in the kitchen of the house, the defendant not being present, but coming in while the witnesses were there, and having no conversation with them on the subject. This was all the material evidence in the case.

The defendant asked the court to rule that, as a matter of law, the above evidence was not sufficient to warrant the jury in convicting the defendant; that if the defendant's wife committed the illegal act in his absence, not under his direct influence or coercion, he must be acquitted.

The court refused so to rule, and instructed the jury that they might find the defendant guilty of a sale of intoxicating liquor, as alleged in the complaint, if the evidence proved beyond a reasonable doubt that the defendant's wife, in the act of making the sale, sold the intoxicating liquor of the defendant, either with his knowledge or consent, or as his agent or servant; and there being no evidence offered on the part of the defendant, they would determine whether the defendant's wife thus acted, by considering the significance of the circumstances, that the defendant and his wife were living together in the house when said sale was made, in the usual relations of marriage, and that in the kitchen, in which the sale was made, the defendant twice on the day of the sale saw the persons to whom it was made, although he was not present at the sale, and took no part in it.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*A. A. Austin,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

BY THE COURT. The evidence was sufficient, and the instructions were correct. *Commonwealth* v. *Coughlin,* 14 Gray, 389. *Commonwealth* v. *Gannon,* 97 Mass. 547.

*Exceptions overruled.*