### COMMONWEALTH *vs.* MATTHEW HYLAND.

Bristol.    October 27, 1891. — November 24, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Common Nuisance — Wife as Agent.*

On a complaint under the Pub. Sts. c. 101, §§ 6, 7, for keeping and maintaining a common nuisance, there was evidence of illegal sales of intoxicating liquors by the wife of the defendant in his tenement in which they lived together. The defendant testified that he was out of the State at the time of such sales, and that they were made without his knowledge or assent. *Held*, that the case was properly left to the jury, who might disbelieve the defendant and infer that the wife was acting as his agent.

COMPLAINT on the Pub. Sts. c. 101, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a tenement at Taunton used for the illegal sale and illegal keeping of intoxicating liquors between June 1, 1890, and August 14, 1890.

At the trial in the Superior Court, before *Hammond*, J., there was evidence that, on August 10, 11, and 13, one Michael Lucy visited the tenement in question, where the defendant lived with his wife, and there purchased intoxicating liquors from the defendant's wife; and that Lucy did not see the defendant on either occasion. The defendant testified that he formerly had a license to sell intoxicating liquors in a store connected with his tenement, but the license expired in 1889, and since that time he had not sold any intoxicating liquors himself nor authorized any one to sell for him; that in his own tenement, so far as he knew, no such liquor had been kept or sold; that he went to New York on August 1, 1890, and there remained until August 14; that he had no knowledge of the sales testified to; and that if his wife had sold it at any time it was against his wishes, knowledge, or consent.

The defendant requested the judge to instruct the jury that the evidence was not sufficient to warrant a conviction ; but the judge refused so to rule, and submitted the case to the jury.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*A. E. Pillsbury*, Attorney General, for the Commonwealth.

HOLMES, J. The jury may have disbelieved the defendant's testimony. In that case the fact that he and his wife lived together in his tenement was competent evidence to prove that she acted as his agent. *Commonwealth* v. *Coughlin*, 14 Gray, 389. *Commonwealth* v. *Reynolds*, 114 Mass. 306. *Commonwealth* v. *Locke*, 145 Mass. 401. *Exceptions overruled.*