| 90 | 197 |
| 110 | 628 |
| 90 | 197 |
| f132 | 699 |

STATE OF IOWA, Appellant, v. P. G. MCCONNELL.

Intoxicating Liquors: Nuisance: HABITS OF BUYER MAY BE
SHOWN. On prosecution for maintaining a liquor nuisance, it is
proper to show the habits of a buyer and witness as to the use by
him of intoxicating liquors, and to ask him whether during the period
in which he bought of defendant, he bought and used other liquors·
See Acts Twenty-third General Assembly, chapter 35, section 12.
And it may be shown that one who frequented defendant's place and
often bought of him was in the habit of using intoxicating liquors to
drink. (2)

SALE BY CLERK. On such a prosecution, defendant is liable for sales made
by his clerk. Code, 1523. (3)

PERMIT A PERSONAL PROTECTION ONLY. A permit to sell liquor, granted
to one member of a firm, does not protect his partner. (5)

*Appeal from Poweshiek District Court.*—HON. A. R.
DEWEY, Judge.

THURSDAY, FEBRUARY 1, 1894.

INDICTMENT for liquor nuisance. Verdict for de-
fendant by direction of the court. The state appeals.
—*Reversed.*

*J. P. Lyman* for the state.

KINNE, J.—I. Defendant was indicted for a
liquor nuisance, pleaded not guilty, and at the close of
the state's evidence, and on the defendant's motion,
the court directed a verdict for defendant. Defendant
was a member of a firm composed of three persons, viz.:
H. K. Snider, Dr. E. W. Clark and himself. This firm
was operating a drug store in the city of Grinnell, and
the sales of liquors complained of were made in ·said
store, either by defendant or by a clerk employed by
the firm. H. K. Snider was a registered pharmacist,
and held a permit to sell intoxicating liquors in said

store during the time covered by the testimony in this case. In January, 1892, Snider removed to Chicago, Illinois, but retained his interest in said firm and store until after the finding of the indictment in this case. Defendant was also a registered pharmacist during the time of the sales complained of, but was not a permit holder.

II. On the trial, a witness was asked whether the liquor he had bought of defendant during the time from March until September was all that he had bought during that period, and whether during the year 1892 he used intoxicating liquors other than what he bought of defendant. These questions were objected to as being incompetent and immaterial, and the objection sustained. Section 12, chapter 35, Acts Twenty-third General Assembly, provides that "in the trial of any action or proceeding against any person for manufacturing, selling, giving away, or keeping with intent to sell, intoxicating liquors in violation of law  *  *  * the requests for liquors and returns made to the auditor as heretofore required, the quantity and kinds of liquors sold or kept, purchased or disposed of, the purposes for which liquors were obtained by or from him, and for which they were used, the character and habits of sobriety or otherwise, shall be competent as far as applicable to the particular case.  *  *  *" The questions asked were, under this statute, proper. Their evident intent and purpose was to show the habits of the witness as to the use of intoxicating liquor, and, under the statute, this is permissible.

III. Several witnesses testified to the purchase of liquors made by them at defendant's store, through a clerk of the firm. On defendant's motion this evidence was stricken out, to which the state excepted. This action of the court seems to have been based upon the thought that defendant would only be liable for sales made by himself. If the defendant had been a permit

holder, he would, under the statute, be liable for all sales made by any of his clerks. . Acts Twenty-third General Assembly, chapter 35, section 15. Hence, if we treat him as being protected by the permit issued to his partner—a question not now decided—still he would be responsible for the acts of his clerk in making sales. We think the evidence should have been admitted. The statute expressly prohibits the manufacture or sale of intoxicating liquors by any person, his clerk, steward or agent, directly or indirectly. Code, section 1523. Defendant was one of a firm engaged in keeping the place where the alleged illegal sales were made, and is responsible for sales made by his clerks.

IV. It was sought to show by the witness Sanger that he was in the habit of using intoxicating liquors as a drink. Sanger had made a large number of purchases of liquors from defendant. The proposed evidence was objected to as being incompetent and immaterial. It was neither. It called for evidence touching the habits of the witness as to being an habitual user of intoxicating liquor. Doubtless the object of the question was to show that the witness belonged to a class to whom the defendant had no right to sell. So it was sought to show by another witness that Sanger used intoxicating liquor as a beverage. This evidence was improperly excluded. It had already been shown that Sanger was not only a frequenter of defendant's place, but, also, that he often purchased of him intoxicating liquors. Hence we think that under the section of the Acts of the Twenty-third General Assembly heretofore set out the evidence was proper. See *State v. Fleming*, 86 Iowa, 294, 53 N. W. Rep. 235.

V. We do not think that the defendant is protected by the permit granted to his partner. The granting of a permit to sell intoxicating liquors is the reposing of a special trust in the permit holder. So careful is the law in this respect that the one asking a permit

must publish a notice of his intention to apply therefor, and is required to serve a notice upon the county attorney, to make application to the district court, and to prove, among other things, that he is a citizen of the state, that he has not been convicted of violating the liquor law within a year prior to the time of making the application; that he is not addicted to the use of intoxicating liquors as a beverage; and many other conditions are attached to the issuance of the statutory permit. See chapter 35, Acts Twenty-third General Assembly. Now, if the defendant is to be considered as endowed with all the rights and privileges of a permit holder because one of his partners held such a permit, it is manifest that that personal accountability of the permit holder, which is so carefully guarded by the statute, amounts to nothing; for, as in this case, a partner who has never complied with the law, who has given no bond, who is not amenable to the court for his acts as a permit holder, can defeat the very purposes of the law whose protection he claims, and yet by virtue of which he is not accountable as a permit holder. It occurs to us there can be no question that a pharmacist, to avail himself of the benefits of the law providing for the granting of permits to sell intoxicating liquors, must have such a permit; and in a case like this it should run in the name of the firm, or in the name of each partner. This seems to be what the statute contemplates. In this case the evidence showed very little pretense of a compliance with the law. It appeared that liquors were often sold, which were used as a beverage. This appeal having been taken by the state, we need make no order touching the disposition of the case. REVERSED.