### HENRY CLARK v. THE STATE.

No. 1334. Decided January 11, 1899.

**1.  Continuance—Diligence.**

An utter want of diligence is apparent, on an application for continuance, where no process has been issued for the absent witness, and the excuse stated is that the witness promised defendant that he would attend the trial.

**2.  Same.**

A defendant can not rely for a continuance upon the fact that the State had issued process for the absent witnesses in another case.

**3.  Witness—Cross-Examination.**

On a trial for violation of local option, where defendant on the examination in chief of his witness elicited the fact that it was understood the prosecuting witness was in town to catch violators of the law, it was competent, on cross-examination, to prove by the witness that he had heard such fact in a conversation at a time when defendant was not present.

**4. Local Option—Evidence.**

On a trial for violation of local option, it is not error to permit a witness to testify that one B. sold whisky, etc., in defendant's place of business, where it appeared that B. was in defendant's employ, had charge of the whisky department in the house, and only sold whisky belonging to defendant.

**5. Evidence—United States Revenue License.**

On a trial for violation of local option, it was not error to permit the State to prove, on cross-examination, by defendant, who had testified that he had not sold whisky even on prescription, that he had a United States revenue license to sell whisky, and the production of the license itself was not better evidence of the fact that he had it than his own statement.

**6. Local Option—Sales—Notice of by Defendant.**

On a trial for violation of local option, where it appeared that defendant was proprietor of the entire business, bought all the whisky and other goods, but that he only gave his personal attention to the lunch stand, it was legitimate to show by facts and circumstances that defendant must have known that the whisky was being sold at his place of business, since that was a matter of which the law required him to take notice.

**7. Extraneous Crimes—Instructions.**

On a trial for violation of local option, where the prosecuting witness testified only to purchase from defendant, it was not error to refuse a requested instruction, based upon the testimony of other witnesses, to the effect that the jury could not consider the testimony of sales by any other person than defendant as evidence against him; especially where they had been charged by the court that unless they believed that defendant sold the prosecuting witness the whisky, they should acquit.

**8. Improper Argument of Counsel—Practice.**

Where an improper remark of counsel is not objected to at the time, nor during the trial, it was not error, after the main charge was read to the jury, to refuse a special instruction to the jury to disregard it.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $25, and twenty days imprisonment in the county jail.

No statement necessary.

No briefs on file for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Henry Clark was convicted of violating the local option law in precinct No. 4 of Grayson County, and his punishment assessed at a fine of $25, and imprisonment in the county jail for twenty days; hence this appeal.

He sought a continuance on account of the absence of several witnesses, by whom he expected to prove that they had heard him refuse to sell liquor to other parties than Medford, and had also heard him say that he would not sell liquor to anybody, "that that was not his part of the job." He expected to prove by one of said witnesses, to wit, Paschall, that, at the identical time that prosecuting witness Medford would swear that he had bought liquor from this defendant, he (Paschall) was present, and heard this defendant, after said Medford had applied to him for intoxicating liquor, say that he would not sell liquor

to anybody, that that was not his job, that he ran the cooking department. He heard this conversation in defendant's place of business on Tuesday, December 15, 1896, a short time before dinner, somewhere about 11 or half-past 11 o'clock. The diligence in this case is utterly wanting. There was no process issued for any of these witnesses. Appellant says the reason he did not issue process was that Will Paschall had promised him he would attend the trial. And, for diligence, he relied upon the fact that process had been issued for said witnesses in the case of the State against Barnett. This is not shown to be even a companion case to appellant's. But, under our statute, the defendant could not rely upon said process. Had the State issued process for these witnesses in appellant's case, he could have taken advantage of this; but we know of no law which would justify or authorize him to rely upon the diligence in the case of some other party. Even if the witnesses had been present, their testimony would not have been admissible, unless it be that of the witness Paschall. However, we do not propose to discuss its bearing upon the case.

Appellant reserved a bill of exceptions to the action of the court permitting the State to prove on cross-examination of the witness Moore that he heard a conversation at a certain livery stable, to the effect that Medford, the main State's witness, was down at Van Alstyne to catch violators of the local option law. Appellant was not present when this conversation occurred, and interposed an objection, on the ground that it was hearsay, and not in his presence. This bill is qualified with the statement by the court that defendant had shown by the witness on direct examination that it was understood at Van Alstyne what the witness Medford was doing at that place. How this testimony could have injured appellant would be hard to understand. It is unquestioned from this record that Medford was in the employ of the sheriff as a detective to ferret out violations of the local option law; and proof of the fact that it was understood in Van Alstyne that Medford was such detective served two purposes: First, to discredit the witness Medford; and, second, to put defendant on notice of Medford's mission. Besides, this was brought out on cross-examination.

Appellant reserved an exception to the action of the court permitting the witness Phelps to testify that Barnett sold whisky and Peruna in defendant's place of business. This is objected to on the ground that it is hearsay and calculated to prejudice the defendant in the minds of the jury. Barnett was in the defendant's employ, and, whenever he sold whisky at all, it was the property of the defendant. He had charge of the whisky department in appellant's house. Barnett had no interest in it, and controlled it in no way other than under the immediate supervision of appellant, and sold the whisky as appellant's property. All of this was fully shown by the defendant himself.

Appellant also reserved an exception to the action of the court permitting the State to prove by the defendant himself that he had a

40th Crim. Reps.—9

United States revenue license to sell whisky. This is objected to because irrelevant and immaterial. This objection is too general. After the evidence was introduced, the further objection was urged that it was not the best evidence. The court, in qualifying the bill, states that the mere fact that defendant had a license was permitted to be shown. This evidence was brought out in rebuttal of the defendant's own statement that he did not sell whisky himself, even on prescription. We do not see how it could have injured him to state the mere fact that he had such license, or how the production of the license itself would have been better evidence of the fact that he had the license than his own statement. It was only sought to prove the fact that he had such license. We do not see how this fact could have been injurious to appellant, even if erroneously admitted. Defendant testified that he purchased the whisky; that he had it there for sale; that he himself in person did not sell it; and, in order to avoid any complication with the local option law, he put one Barnett in charge of said whisky, with authority to sell. So, the fact was proved, even by himself, that he had and kept whisky for sale; and it would make no difference, under the peculiar facts of this case, whether or not he had a revenue license.

He also reserved a bill of exceptions to the action of the court permitting Phelps to testify that, at appellant's place of business, whisky, Peruna, and malt tonic were sold. The court's explanation is that defendant had testified that he only ran the lunch stand; that he was proprietor of the entire business; had a United States revenue license; bought all the whisky in stock, as well as other goods; but had nothing to do with any of it, except the lunch stand, which was in the same house. This testimony, we think, was legitimate under the facts, and tended to show that appellant must have known that the whisky, Peruna, and malt tonic he owned and kept in the storehouse where his lunch stand was, was being sold. It was a matter of which the law required him to take notice; and, under the peculiar facts of this case, it was permissible to prove that the whisky was sold in defendant's place of business, for he placed it there for that purpose.

Appellant requested the court to instruct the jury that they could not consider the testimony of sales by any other person than defendant as evidence against him; and, especially, that they could not consider the testimony of Medford as to such other purchases of liquor. This charge was refused. We do not think there was any error in this action of the court. Appellant was only being tried for sale made to Medford, and was not being tried for the purchase by Medford from other parties, and Medford only testified to this purchase from appellant; and the court instructed the jury, in substance, that, unless they believed appellant sold Medford the whisky charged in the indictment, they should acquit. How the jury could have convicted defendant for the purchases made by Medford from other parties we do not understand. Such a charge as that requested may become important if the testimony of the

extraneous crime might afford the basis of a conviction of such crime in the case on trial; but such rule does not apply under the facts stated.

He also requested the court to instruct the jury that the evidence that the witness Phelps drank the intoxicating liquors during the day of the alleged sale could only be considered for the purpose of determining his credibility, and the weight the jury would give his testimony, and for no other purpose. There is no merit in this requested charge.

Appellant requested the court to charge the jury to disregard the following remark of the county attorney: "You, gentlemen of the jury, have seen in the trial of cases of this kind defendants come up, and say, 'We don't sell whisky, but Peruna.' That is their cry. You must not be misled by such." The reason assigned in the charge is that there is no evidence to warrant such a statement. This remark was not objected to during the trial, nor at the time it was made, and was not presented to the court in the form of a special charge until after the main charge was read to the jury. There was no error in refusing the charge.

He also asked another special charge to disregard the remarks made by Silas Hare, Jr., county attorney, to the effect that Sheriff Hughes sent Isom Medford to Van Alstyne to catch the violators of the law, and that there is no evidence to warrant this statement. The statement of facts, if it proves anything, puts it beyond question that Medford had been employed by Sheriff Hughes to work up local option cases everywhere in Grayson County; and this fact was made further prominent by the appellant as a means of attacking Medford's credibility. Finding no such error as requires a reversal of this case, the judgment is affirmed.

*Affirmed.*