# TROMETER *v.* DISTRICT OF COLUMBIA.*

---

SUNDAY SALE OF INTOXICATING LIQUORS; EVIDENCE; HUSBAND AND WIFE; AGENCY; CRIMINAL PLEADING.

1. An exception by the defendant to a ruling of the trial court refusing to direct a verdict for the defendant at the close of the testimony for

---

*Intoxicating Liquors.*—As to criminal liability for the act of partner, servant, or agent, in violation of liquor laws, see the authorities presented in editorial note to *Williams* v. *Hendricks*, 41 L. R. A. 650.

As to regulation of sale of intoxicating liquors in general, see the presentation of authorities in the following editorial notes: What liquors are

the prosecution is waived where the defendant takes testimony in defense.

2. *Quære,*—Whether, in a prosecution for selling intoxicating liquor on Sunday, the wife of the accused, who made the sale, is, under § 1069, D. C. Code, a competent witness to testify for her husband that he had not authorized her to make sales, and had prohibited her from doing so.

3. The extent to which cumulative testimony shall be admitted is within the sound discretion of the trial court.

4. In a prosecution for selling intoxicating liquor on Sunday, where the sale was made by the wife of the accused, the presumption is that the wife acted as her husband's agent in doing so; and, although the husband and wife both testify that she had no authority from him to make the sale, and that he had forbidden her to make sales at any time, and there is no other affirmative testimony upon the subject of her agency, it is not error for the trial court to refuse to direct a verdict for the accused.

5. *Quære,*—Whether a husband is liable in a criminal action for the act of his wife, done without his knowledge, consent, authority, or procurement.

6. Except in cases where the identification of the person to whom intoxicating liquor is alleged to have been sold may be essential to the defendant for his proper defense, as, for example, where he is charged with having sold such liquor to a minor in violation of law, it is not necessary in this District to allege in the information charging the unlawful sale of liquor the name of the person to whom the liquor was

within the statutory restrictions as to sale of "spirituous, vinous, fermented, and other intoxicating liquors," note to *Lemly* v. *State,* 20 L. R. A. 645; municipal power as to screens in barrooms, note to *Champer* v. *Greencastle,* 24 L. R. A. 768; municipal regulation of, as a nuisance, note to *State* v. *Karstendiek,* 39 L. R. A. 525; discretion in granting license, note to *Sherlock* v. *Stuart,* 21 L. R. A. 580; discrimination against women in granting license to sell, note to *Gastineau* v. *Com.* 49 L. R. A. 111; delegation of power as to license, note to *St. Louis* v. *Russell,* 20 L. R. A. 722; right to rely on physician's certificate in selling, note to *Com.* v. *Joslin,* 21 L. R. A. 449; sale for illegal use, note to *Graves* v. *Johnson,* 15 L. R. A. 836; liability of purchaser on illegal sales, note to *State* v. *Cullins,* 24 L. R. A. 212; instigation to sale, note to *Connor* v. *People,* 25 L. R. A. 341; cruel and unusual punishment for unlawful sales, note to *State ex rel. Garvey* v. *Whitaker,* 35 L. R. A. 574; conflict of laws as to sales of intoxicating liquors, note to *Brown* v. *Wieland,* 61 L. R. A. 417; evidence of other crimes in prosecution for violation of liquor law, note to *People* v. *Molineux,* 62 L. R. A. 193.

sold.   Under such circumstances the defendant may apply for a bill of particulars.

7. An objection to an information for the unlawful sale of intoxicating liquor on the ground that it fails to give the name of the person to whom the liquor was sold cannot properly be raised on a motion in arrest of judgment, as the defect, if defect it be, must be held to have been cured by the verdict.

No. 1468.  Submitted October 14, 1904.  Decided November 1, 1904.

In Error to the Police Court of the District of Columbia. *Affirmed.*

The Court in the opinion stated the case as follows:

The plaintiff in error, Peter Trometer, was convicted in the police court of the District for selling intoxicating liquor on Sunday in violation of law; and the cause comes here upon writ of error to that court.

The facts, in brief, as disclosed by the bills of exceptions, are these,— and there seems to be no controversy in regard to them: The plaintiff in error keeps or kept a tavern.   On Sunday, August 7, 1904, about 9 o'clock in the evening, when the plaintiff in error had gone out, as he says, to take a walk, according to his custom, two members of the metropolitan police force entered by a side door a room to the rear of the barroom, used as a family dining room.   There they found a man sitting at a table with what appeared to be an empty beer bottle before him.   They found Mrs. Trometer, the wife of the plaintiff in error, also present in the room.   They asked her to sell to them some beer, to which request she replied that she had none.   They then requested her to sell them some whisky, and she went into the barroom and procured it for them and received payment from them for it.

To these facts the two policemen testified, and their testimony seems to have been all that was offered in the case on behalf of the prosecution.   Thereupon the plaintiff in error moved for a verdict in his favor, presumably on the ground of the supposed

insufficiency of this testimony to justify a verdict against him. This motion was overruled, and exception was taken. But the plaintiff in error went on to take testimony on his own behalf, and the exception, therefore, must be taken as having been waived. This, however, is of no consequence, inasmuch as the motion was renewed, with similar fate, at the end of the whole testimony.

Mrs. Trometer, the wife of the plaintiff in error, was then called as a witness on behalf of the defense. Substantially she corroborated the testimony of the policemen. But she added that the meats and vegetables for the use of the family were kept in an ice box in the saloon; that the door of the saloon was left unlocked for the purpose of access to this ice box; that she knew where the whisky was because she was accustomed to go into the saloon for the meats and vegetables; that she had sold the whisky on this occasion without the knowledge, consent, connivance, or procurement of her husband, simply to procure pocket money for herself, intending to keep the transaction secret from her husband; and that he knew nothing whatever of it until after the warrant of arrest in this case had been served upon him on the next day.

Then the following interrogatory was put to her by counsel for the defense: "What instruction or prohibition did your husband ever give to you as to selling on Sunday; or did you have any authority to sell at any time or on Sunday?" This was excluded, and the defendant excepted. Mrs. Trometer further testified that the person whom the police officers found in the room "was company, and had called upon a visit."

The defendant then testified on his own behalf substantially to the effect that he had never authorized, permitted, or consented to the sale of liquor by his wife, or by anyone else, on his premises on Sunday; that he was out of the house at the time of this sale, and knew nothing of it until after his arrest on the following day; that he had always instructed his wife to let no one into his barroom on Sunday; that she was not permitted to sell or interfere with the conduct of his business; and that the sale here in question was made by her without his knowledge,

authority, connivance, privity, or consent, and was wholly unauthorized by him.

This was all the testimony in the case. At its conclusion, counsel for the defendant again moved upon the whole testimony for a verdict and judgment in his favor; and the motion was again denied. Thereupon the defendant moved in arrest of judgment on the ground that the information against him failed to set forth the names of the persons to whom he was charged with selling the liquor. This motion likewise was overruled, and, judgment having thereupon been rendered against him, he has removed his cause to this court by writ of error.

*Mr. Leon Tobriner* for the plaintiff in error.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the defendant in error.

Mr. Justice MORRIS delivered the opinion of the Court:

At the trial in the court below there were four exceptions reserved; and on these there have been four assignments of error in this court. We cannot regard any one of them as well founded in law.

1. In the first place, the exception taken to the refusal of the trial court to direct a verdict for the defendant at the end of the testimony for the prosecution cannot be assigned as the basis of error here, inasmuch as, in accordance with well-established rules of practice, it was waived by the fact that the defendant went into testimony on his own behalf. But, as we have remarked, this is practically of no consequence, as the same question was subsequently raised when the same motion was renewed at the conclusion of the whole testimony. Whatever of substance there was in it, therefore, we may consider when we come to the consideration of the assignment of error based upon the third exception reserved on behalf of the defendant.

2. In the second place, it is contended that it was error on the part of the trial court to exclude the question propounded to the

defendant's wife when she was on the witness stand as a witness, wherein she was asked what instruction or prohibition she had from her husband as to selling on Sunday, and whether she had any authority to sell on Sunday or at any other time. But, even if this question was not intended to elicit testimony as to confidential communications between husband and wife, as to which both husband and wife are incompetent under § 1069 of the Code to testify,— a point in regard to which we express no opinion whatever,— it is very evident that the defendant was not prejudiced by the exclusion of the question. The witness had already testified in the most sweeping manner that the sale here in question had been made without the knowledge, connivance, consent, or procurement of her husband, and it is not apparent that this testimony could have been strengthened by the further statement that she had no authority from her husband to make the sale. Such want of authority was necessarily implied in the previous statement, and it was unnecessary to duplicate the assertion. Moreover, when the defendant was himself called as a witness on his own behalf, he testified fully, and without objection from the prosecution, that the instruction which he gave her was to let no one into his barroom on Sunday; that she was not permitted to sell or interfere with the conduct of his business, and that the sale in question was made without his knowledge, authority, connivance, privity, or consent, and was wholly unauthorized by him. The testimony sought to be elicited by the question was in its nature cumulative; and it is well-settled law that the extent to which cumulative testimony shall be admitted is in the sound discretion of the trial judge. *Calvert* v. *Carter,* 18 Md. 73. See 8 Am. & Eng. Enc. Law, 2d ed. p. 467, where, under the head of cumulative evidence, the cases on the subject are cited and analyzed. Certainly there was no reversible error here for which a new trial should be ordered.

3. Under the third assignment of error, which is based upon the refusal of the trial judge to direct a verdict in favor of the defendant on the whole testimony, the proposition sought to be established is that the defendant is not liable in a criminal action

for the act of his wife, done without his knowledge, consent, authority, or procurement. But this proposition in the present case assumes that as proved which has not been proved, and which remains a matter of controversy,— namely, the authority of the wife to act for her husband in the matter of the sale of the liquor. Substantially the same question was considered by this court in the case of *Lehman* v. *District of Columbia,* 19 App. D. C. 233, and determined adversely to the contention of the appellant, and it is unnecessary to repeat the argument of that case here.

In the case of *Com.* v. *Hyland,* 155 Mass. 7, 28 N. E. 1055, the rule was laid down by the supreme court of judicature of Massachusetts, through Mr. Justice Holmes, now of the Supreme Court of the United States, that, in a prosecution for maintaining a liquor nuisance, where the evidence showed that all sales of liquor had been made by the defendant's wife at his house or tenement, and the defendant testified that if any sales of liquor were made by his wife it was without his knowledge or consent, while he was out of the State, the fact that he and his wife lived together in such tenement was competent evidence that she acted as his agent, and might overcome his own positive testimony to the contrary, if the jury disbelieved that testimony.

Now, in the present case it is perfectly plain that the jury in the court below, or the police justice acting in the place of a jury, upon the situation as it was disclosed by the testimony of the two policemen, was fully warranted, if he believed that testimony, in inferring an agency in the wife from the husband to do precisely what she did do. A presumption of agency arose from the circumstances and conduct of the parties, as it may arise in all other cases where the sale of the liquor is not made directly by the proprietor of the place who is sought to be held for it. *Lehman* v. *District of Columbia,* 19 App. D. C. 233. In the absence of contravening testimony such presumption takes the place of direct and positive proof. Here there was such contravening testimony; and the question of agency became a vital and essential element of controversy in the case. But the police

justice sitting in the place of a jury — for it would seem that the case was tried by the court without the intervention of a jury — evidently did not believe the testimony of the defendant and his wife on that point, and based his verdict upon the facts testified to on behalf of the prosecution and the presumptions arising therefrom.    Consequently, there is no such case here before us as would justify the application of the proposition advanced on behalf of the plaintiff, even if the correctness of that proposition were established beyond question, or had in support of it the great preponderance of authority, which it undoubtedly has not.

In all the cases cited in support of this proposition there was either an exclusion of competent testimony tending to show that the wife was without lawful authority to act as agent for the husband, or it was admitted upon the record, and not controverted, that she had been forbidden to act as such agent, or there was instruction to the jury adverse to the right of the defendant to be free from liability under any such circumstances.    In all such cases the actual absence of all complicity on the part of the husband is taken for granted.    But such is not the case before us.    Here there was no exclusion of competent testimony to the detriment of the defendant; there was no admission by the prosecution that the defendant's wife was without authority from him; and there was no rejection of any proposition of law which entitled the defendant to make such defense.    The defendant, in fact, gave all the testimony on the point which he had and to which he could in any way be entitled under any of the authorities, and the trial justice simply disbelieved that testimony.    The question, therefore, is not whether the plaintiff in .error should not have been acquitted on the ground that his wife, in what she did, had no authority to act for him and to render him liable for violation of the law, but whether, upon testimony which the trial court believed to be false, it should have given him the benefit of it as though it were true.    To state this question is to suggest the only possible answer that should be given to it.

It follows that we must regard the third assignment of error as without any substantial foundation in law.

4. The fourth assignment of error is based upon the overruling of the motion in arrest of judgment; and the only question raised under it is whether the information against the plaintiff in error was legally sufficient without any statement of the names of the persons to whom the sales were made. It would appear that the authorities on this point are so equally divided that there cannot be said to be any great preponderance on either side. The practice and the precedents in this District have been generally, if not uniformly, against the contention on behalf of the appellant. Of course, there are cases where the identification of the person to whom intoxicating liquor is alleged to have been sold may be essential to the defendant for his proper defense, as, for example, when he is charged with having sold such liquor to a minor in violation of law; and in such cases the reasonable certainty required in pleading demands that the name of the minor be stated. But in such a case the designation of the person is of the essence of the offense. So in the case of the sale of intoxicating liquor on Sunday, the allegation of the time of the offense is a necessity, as is the proof of it, because it is only the sale at such a time that is made an offense under the statute. But apart from such cases as these, it is believed that in this District it has never been the practice to allege in the information or indictment the name of the person to whom the liquor has been sold; and that, whenever the defendant has deemed it either expedient or necessary for his defense that he should be advised of the name of the person to whom he is charged to have sold the liquor, he should apply to the court for a direction to the prosecution to furnish him with a bill of particulars. See *Lauer* v. *District of Columbia,* 11 App. D. C. 453.

It would seem to be too late in any event to raise this question by motion in arrest of judgment, even in cases where the objection might have been sustained upon demurrer, for the defect, if defect it be, must be held to have been cured by the verdict, inasmuch as the identity of the persons to whom the sale was

made must necessarily have appeared in the testimony. Stephen, Pl. chap. 2, § 1.

On the whole, we find no error in the record for which the judgment should be reversed. Accordingly the judgment will be affirmed with costs. And it is so ordered.        *Affirmed.*