GARRETT-WILLIAMS COMPANY v. EDWARD S. WATKINS.

January Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed March 20, 1911.

*Intoxicating Liquors—Licenses to Sell—Scope and Protection—*
*Partnership with Licensee—Liability of Partner for Sales.*
*to Licensee.*

A license to sell intoxicating liquors affords protection only for those acts that, in law, are the acts of the licensee; and so if such license is granted to an individual, it affords protection only for those acts that, in law, are his acts as an individual; if to a partnership, only for those acts that, in law, are the acts of the partnership; and a license to an. individual cannot be a license to a partnership.

A license to sell intoxicating liquors confers on the licensee the right to buy his stock of liquors.

In assumpsit against defendant as surviving partner for the price of intoxicating liquors sold and delivered, it appeared that defendant and a person having a license to sell intoxicating liquors at retail in this State· formed a partnership on terms that the licensee should conduct the· retail liquor business and that defendant should furnish the money and have half the profits; that during that partnership, in ignorance· thereof, and without a license to sell, plaintiff sold intoxicating liquors in this State to the licensee. *Held*, that plaintiff could not recover, for, even if it had authority to sell to the licensee, it could not awfully sell to the partnership and so to defendant.

GENERAL ASSUMPSIT for intoxicating liquors sold and delivered. Plea, the general issue. Trial by court at the March Term, 1910, Rutland County, *Hall*, J., presiding. Judgment for the plaintiff. The defendant excepted. McCloy is dead, and defendant is sued as surviving partner. The opinion states· the case.

*F. S. Platt* and *T. W. Moloney* for the defendant.

Plaintiff had no license to sell intoxicating liquors in this State, and its sales are therefore contraband, and no recovery

can be had therefor. *Miller* v. *Ammon*, 145 U. S. 421; 9 Cyc. 478 and cases cited; 23 Cyc. 335 and cases cited; *Harrison* v. *Nichols*, 31 Vt. 709; *Briggs* v. *Campbell*, 25 Vt. 704; *Boutwell* v. *Foster*, 24 Vt. 485; *Bancroft* v. *Dumas*, 21 Vt. 456; *Territt* v. *Bartlett*, 21 Vt. 184; *Starace* v. *Rossi*, 69 Vt. 303; *Beverwick Brewing Co.* v. *Oliver*, 69 Vt. 323.

Moreover, recovery could be had only on the theory of a sale to the partnership. But the partnership had no license to sell, and so no right to buy, and for that reason no recovery can be had. *Converse* v. *Foster*, 32 Vt. 828; *Smith & Wood* v. *Allen & Stafford*, 23 Vt. 298; *Howe* v. *Stewart*, 40 Vt. 145; *Gaylord* v. *Sorgen*, 32 Vt. 110; *State* v. *Scampini*, 77 Vt. 92.

*James A. Merrill* and *Charles L. Howe*, for the plaintiff.

ROWELL, C. J. This is assumpsit for the price of intoxicating liquors sold and delivered to one McCloy between May 1, 1905, and May 1, 1906, during which time McCloy held a second class license for selling intoxicating liquors at retail in the city of Rutland, and also during which time he was in partnership with the defendant in said business on terms that he was to carry on the business and that the defendant should furnish the money and have half the profits.

The plaintiff is a foreign corporation located and doing business in Baltimore, Md., and Garrett, one of the directors, solicited and agreed upon the orders for the liquors in the city of Rutland, having no license to sell the same in this State, and not knowing of the partnership between the defendant and McCloy.

The defendant contends that the plaintiff had no right to sell to McCloy because it had no license to sell in this State, and that therefore no recovery can be had upon the sales, as the statute penalized them. That McCloy had a right to buy can not be doubted, for, as held in *Street & Burdett* v. *Hall*, 29 Vt. 165, authority to sell implies authority to buy. That was an action against a town agent to recover for intoxicating liquors sold and delivered to him by the plaintiffs, who were dealers in Troy, N. Y. It is difficult to tell from the case whether the liquors were sold here or in New York, but it should seem that the Court took it that they were sold here, for it said that

as the defendant was a town agent, it could not regard the sales as any violation of the statute, which would have been unnecessary to say had the sales been in New York. But it is not necessary to decide whether the plaintiff had authority to sell to McCloy or not, for if it had, the case is with the defendant nevertheless.

The plaintiff concedes, as it well may, for such is the law, that the partnership contract gave the defendant no right personally to sell under the license; but claims that that contract was not prohibited by the statute nor contrary to public policy, and consequently that he should be made to pay, for otherwise he would be permitted to take advantage of his own wrong by retaining his profits and avoiding liability by alleging his participation in the transaction to be in violation of law. But that is hardly a ground for recovery, for if recovery is had at all, it must be because the sales were lawfully made to the partnership and so to the defendant. But that can not be said, for as the partnership had no license to sell it had no right to buy, and the plaintiff had no right to sell to it; and if it had sold to it, there could.be no recovery, for the sales would be contraband, because both prohibited and penalized by the statute.

We deem the conclusion thus arrived at to be the logical result of what is generally held to be the protection, scope, and effect of licenses of this kind, namely, that a license to retail affords protection only for those acts that, in law, are the acts of the person to whom it is granted; that if granted to an individual, it affords protection only for those acts that, in law, are his acts as an individual; that if granted to a partnership, it affords protection only for those acts that, in law, are the acts of the partnership; and that a license to an individual can not be a license to a partnership. *Long* v *State*, 27 Ala. 32; *Shaw* v. *State*, 56 Ind. 188; *State* v. *McConnell*, 90 Iowa, 197; *Lynch* v. *State*, 147 Ala. 143, 10 Am. & Eng. Ann. Cas. 910 and note.

*Judgment reversed and judgment for the defendant to recover his costs.*