STATE, Respondent, v. OTTO, Appellant.

(161 N. W. 340.)

(File No. 3890.　　Opinion filed February 16, 1917.)

1. **Intoxicating Liquors—Information Charging Defendant, Evidence of Sales by Employee, Competency, Sufficiency.**

An information, charging defendant with unlawfully engaging in the business of selling intoxicating liquors, evidence showing the acts to have been done by means of agents, or employees, of defendant, is proper, and sufficient to sustain conviction; but it is necessary to identify the seller, as such agent or employee, or at least to adduce evidence, from which jury may reasonably infer such a connection between them.

2. **Indictment and Information—Selling Intoxicating Liquors—Allegation of Sale by Agent, Whether Necessary—Evidence—Constitutional Provision—Statute.**

An information, charging defendant with unlawfully selling intoxicating liquors, being confessedly good, if charging defendant himself with the act, is sufficient to warrant admission of evidence of sales made by defendant's agents or employees; and such information does not violate Const., Art. 6, Sec. 7, securing to defendant the right to demand the nature and cause of the accusation against him; such provision not requiring the state to inform the defendant of the particular evidentiary means the state will use to establish defendant's guilt, the evidence of sales by agent or employee being such, that, if true, defendant was bound to know of it, under Pol. Code, Sec. 2852, making him liable for agent's and employee's acts.

3. **Same—Pleading Offenses—Pleading Means of Committing Crime —Common-Law Rule.**

It was the common-law rule, that the means by which capital offenses were effected must be pleaded, but that in all other criminal offenses, unless the means by which the act was done was a necessary element of the crime charged, or unless the means must be averred to make known which of two or more offenses is charged, it is unnecessary in an information to plead the means in order to satisfy the constitutional requirement that the indictment should acquaint defendant of the nature of the offense charged.

4. **Same—Sufficient Information—Acts of Agents—Remedy of Defendant—Bill of Particulars—Surprise.**

The remedy of defendant, feeling himself entitled to further allegations, in an information or indictment, in order that he may prepare his defense, is to ask for a bill of particulars, or, where evidence is offered which he could show to be a surprise, he may apply for postponement of trial to enable him to meet

such testimony.   So **held**, as to an information properly charging defendant himself with unlawfully selling intoxicating liquors, under which evidence of sales by his agent and employee was properly admitted.

Smith, J., dissenting.

Appeal from Circuit Court, Roberts County.   Hon. THOMAS L. BOUCK, Judge.

The defendant, August Otto, was convicted of engaging in the business of selling intoxicants without having first procured license, and from the judgment, and from an order denying a motion for new trial, he appeals.   Affirmed.

*Thos. Mani,* and *Howard Babcock,* for Appellant.

*C. C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *C. R. Jorgenson,* State's Attorney, for the State.

(2) To point two of the opinion, Appellant cited:   State v. Butcher, 1 S. D. 401, 47 N. W. 406; State v. Burchard, 4 S. D. 548, 57 N. W. 491.

Respondent cited:   Pol. Code, Sec. 2852; 23 Cyc. 257; Woolon & Thornton on Intox. Liq., Sec. 933; Black on Intox. Liq., Sec. 370; 7 Enc. of Ev. 775; Bishop's New Crim. Proc., Sec. 488; State v. McConnell, (Ia.) 57 N. W. 707; State v. Lundgren, (Minn.) 144 N. W. 752; Walters v. State, (Ind.) 92 N. E. 539; State v. Gilmore, (Vt.) 16 L. R. A. (N. S.) 786, note; Penal Code, Secs. 27, 29; Sec. 240, Code Crim. Proc; Foster v. State, 45 Ark. 361; Taylor v. State, (Ga.) 80 S. E. 292; State v. Kent 5 N. D. 516, 67 N. W. 1052, 35 L. R. A. 518; Wolfe v. State, (Ark.) 148 S. W. 641.

McCOY, J.   Appellant was charged by information with having committed the criminal offense of engaging in the business of selling intoxicating liquors on the 16th day of January, 1915, in the town of Clare City, Roberts county, without having first procured a license as required by the law.   Defendant pleaded not guilty, and on the trial of the cause was convicted. He now brings the cause to this court on appeal.   The assignments of error raise three propositions:   (1) Alleged error of the court in the admission of certain testimony; (2) alleged insufficiency of the evidence to sustain the verdict; (3) improper remarks of the state's attorney to the jury.   Appellant concedes that the information was sufficient to charge the offense of un-

lawfully engaging in the business of selling intoxicating liquors without license. On the trial evidence was offered and received over the objections of the appellant that the particular sales constituting the alleged offense of engaging in the business of selling intoxicating liquors were actually made by agents and employes of appellant, and there being no evidence that appellant himself personally made any of the sales which constituted the offense charged. The specific contention of appellant is that the state was permitted to introduce testimony to show that during December, 1914, and January, 1915, appellant employed Maurice Winters and Henry Bor to sell intoxicating liquors for him; that, while appellant does not contend that the information is not legally sufficient, he does contend that under the allegations of the information no evidence was admissible, over defendant's objection, tending to show the commission of the offense through the agency of others. The assignments of error which relate to the evidence raised the sole question as to whether or not the evidence showng the commission of the offense through the means or agency of others was material and competent evidence under the information, and also whether such evidence was sufficient to sustain a conviction; or, in other words, was there a fatal variance between the evidence offered and the allegation of the information?

[1] We are of the view that, in criminal actions of this class, under an indictment or information charging a defendant with having committed the offense of unlawfully engaging in the business of selling intoxicating liquors, evidence showing the acts to have been done by means of agents or employees of the defendant is proper and sufficient to sustain a conviction. In this particular class of cases the general rule seems to be that an indictment or information alleging an unlawful sale of liquor by defendant is supported by proof that he sold it by his clerk, servant, or agent, but that it is necessary to identify the seller as the agent or employee of defendant, or at least to adduce evidence from which the jury may reasonably infer such a connection between them. State v. McCance, 110 Mo. 398, 19 S. W. 648; State v. Baker, 71 Mo. 475; State v. McGrath, 73 Mo. 181; State v. Heckler, 81 Mo. 417; Barnes v. State, 19 Conn. 398; Noecker v. People, 91 Ill. 494; Com. v. Fredericks, 119 Mass. 199;

O'Bryan v. State, 48 Ark. 42, 2 S. W. 339; Waller v. State, 38 Ark. 656; State v. Curtiss, 69 Conn. 86, 36 Atl. 1014; Molihan v. State, 30 Ind. 266; State v. McConnell, 90 Iowa, 197 57 N. W. 707; People v. Possing, 137 Mich. 303, 100 N. W. 396; Parker v. State, 4 Ohio St. 563; Clark v. State, 40 Tex. Cr. R. 127, 49 S. W. 85; Perkins v. State, 92 Ala. 66, 9 South. 536; State v. Brown, 31 Me. 522; Com. v. Hyland, 155 Mass. 7, 28 N. E. 1055; 23 Cyc. 257. The evidence in this case was amply sufficient to connect the alleged agents and employees who made the sales with the defendant. We are therefore of the view that the evidence offered and received was properly admitted, and that the same is amply sufficient to sustain the conviction.

[2] Appellant urges that his constitutional right to be informed in advance of the trial of the nature of the accusation against him has been violated; as he was not advised by the information that evidence would be offered as to sales of intoxicating liquors made by means of agents or employees. The question presented is: Where an information is confessedly good, can any evidence be excluded which tends to sustain the information merely because the information did not give notice that the state would offer this particular evidence? It seems very clear to us that no such evidence can be excluded in this class of criminal cases.

[3] It was the rule of the common law that the means by which capital offenses were effected must be pleaded, but that in all other criminal offenses, unless the means by which the act was done was a necessary element of the crime charged, or unless the means must be averred in order that it may be seen which of two or more offenses is charged, it is never necessary in an information to plead the means in order to satisfy the requirement that the indictment should acquaint the defendant with the nature of the offense charged. 22 Cyc. 326; 12 Standard Ency. of Procedure, 397. All the hereinbefore cited decisions sustain and are in practical application of this rule. It certainly would be an anomolous and absurd situation, where an indictment or information perfectly good had been filed against the defendant, and upon the trial evidence was offered which, if received, would establish the crime charged, the same could be excluded upon the ground

that there was no allegation in the information under which it could be received.

[4] The remedy of defendant who felt that he was entitled to further information than that given by the information or indictment, in order that he might prepare his defense, would be to ask the court for a bill of particulars; or, where evidence was offered which he could show to be a surprise to him, he might make application to the court to postpone the trial to enable him to prepare to meet such testimony. State v. Fulwider, 28 S. D. 622, 134 N. W. 807. There is no claim made by appellant that he was in any manner surprised, or as a matter of fact prejudiced or prevented from having a fair trial, by reason of the admission of the evidence in question. This evidence was of such a nature that, if true, appellant was bound to know of it, and the statute of this state (section 2852, Pol. Code) informed him that in this class of offenses he was liable for the acts of his agents and employes. Appellant's sole contention is that as a matter of constitutional right he should have been informed by the information as to the character of the evidence the state intended to rely upon to secure a conviction.

[5] We are of the opinion that the information sufficiently informed him of his constitutional right as to the nature of the offense charged. Section 7, art. 6, State Const., secures to a defendant the right to demand the nature and cause of the accusation against him, but we are of the view that this constitutional provision does not require the state to inform a defendant of the particular evidentiary means the state will use to establish the alleged guilt of defendant.

The assignment of error in relation to the alleged improper remarks of the state's attorney has been carefully examined, and we are of the view that no prejudicial error is shown to exist in relation thereto.

The judgment and order appealed from are affirmed.

SMITH, J. (dissenting). I do not question the sufficiency of the information as stating a crime, if the act charged was done by the accused himself. The majority opinion assumes that the assignments of error present but three propositions: First, the admission of certain testimony; second, insufficiency of the evi-

dence to sustain the verdict; third, improper remarks of the state's attorney.

I think, however, the order overruling defendant's motion for a new trial presents an additional question, viz., whether on the whole record the accused has had a fair and impartial trial, the right to which is guaranteed to him by the Constitution. The question here cannot be properly disposed of by saying that certain facts were competent under the rules of evidence, or that they did not constitute a fatal variance. Clearly, as stated in the majority opinion, evidence showing criminal acts to have been committed through an agent may be competent evidence and sufficient to sustain a conviction. But the constitutional rule that a criminal pleading must inform the accused of the cause and nature of the accusation presents a question entirely different from the rule as to competency of evidence or the rule as to what constitutes a fatal variance. The Constitution requires that an indictment or information shall contain such allegations as are necessary to inform the accused of the cause and nature of the accusation against him, and this provision has been correctly construed by this court as equivalent to a requirement that the information or indictment state facts necessary and sufficient to enable the accused to prepare his defense.

In State v. Burchard, 4 S. D. 548, 57 N. W. 491, in an opinion by Corson, J., this court said:

"The necessity of so identifying a criminal charge in other classes of cases as to enable the accused to know the cause and nature of the accusation against him, that he may intelligently prepare for his defense, to enable the trial court to know that the accused is being tried for the offense for which he has been indicted by the grand jury, and to enable the accused to plead his conviction or acquittal upon another indictment for the same offense, has been so long recognized that any departure from it would not be seriously urged in an appellate court. Why, then, should an exception be made in the class of cases of which the case at bar is one? We know of no reason for such exception. All persons when charged with crime, of whatever nature, are equally entitled to the protection of the Constitution, and to invoke the safeguards those provisions have guaranteed to them for their protection."

And this rule was approved by this court in Kotilinic v. Swenson, 18 S. D. 196-202, 99 N. W. 1114.

The majority opinion suggests that the statute informs the defendant that he is liable for the acts of his agents who assist him in engaging in the unlawful business of selling intoxicating liquors, that under this statute the acts of his agents may be given in evidence against him, and that he must be prepared to meet such evidence.

The attempted distinction between the crime of selling intoxicating liquors and engaging in the business of selling such liquors is wholly specious. The accused may sell intoxicating liquors by his agent, or he may engage in the business of selling intoxicating liquors through his agents, and become criminally liable in either case. In either case the statute declares a rule of criminal liability, but does not furnish a rule of pleading. Upon a proper pleading evidence tending to show that he had sold intoxicating liquors by his agent, or engaged in the business of selling intoxicating liquors by his agent, would plainly be competent. But, first of all, he must be given, by the pleading itself, knowledge of the facts necessary to enable him to prepare a defense. It does not meet the question here to say that the accused at the trial may be permitted to show by way of defense that persons whose names he may never have heard until they were disclosed on the witness stand did not engage in the business of selling intoxicating liquors, or were not his authorized agents. The principle announced in the majority opinion would be little different should the court hold in a murder case that the accused might be charged and convicted of the crime, without naming the persons murdered. It cannot be said that one who is himself charged with selling intoxicating liquors has imputed knowledge that the state intends to show by its evidence that, in fact, the accused himself did not, but that some unheard of person did the act as his agent, and that by such allegation he should be held to have been given all the information necessary to prepare his defense. Certainly the accused cannot be held to be in a position when his alleged agents are first named at the trial to prove that such persons theretofore unknown to him did not, as his agents, engage in the business of selling intoxicating liquors, or that such persons, unnamed, were not his agents. Nor would surprise, as a

ground for continuance of the cause, meet the case. If the pleading was in proper form, there could be no such surprise as would give the legal right to a continuance merely because, as held by the majority opinion, the state had introduced evidence competent and proper under the allegations of the pleading. In such case there could be no surprise as a legal fact, because the accused would have been compelled to anticipate such evidence and be ready to meet it. The very presumption of innocence acquits the accused of any such knowledge as would be necessary to enable him to anticipate such proof in the absence of any allegation in the pleading. If the presumption was that he was guilty of the crime, he might be presumed to be ready to meet such a case, and the rule adopted by the majority falls but little short of adopting a presumption of guilt in this class of cases. In my judgment, it is a plain violation of the constitutional right to a fair trial, and I cannot consent to it in this or any other case in which such a rule may be sought to be applied; for assuredly such cases will arise to trouble this court at some time.